CHARLES G. GUSTAFSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1769. Promulgated June 13, 1944.

*Raymond F. Garrity, Esq.*, for the petitioner.
*Edward M. Woolf, Esq.*, for the respondent.

OPINION.

STERNHAGEN, *Judge*: The taxpayer assails a determination of deficiency of $96.20 income tax for 1940 by reason of the disallowance of $2,522 out of $4,368 deducted as traveling expenses. The Commissioner determined that the disallowed amount was personal living expenses.

The taxpayer is unmarried and filed his income tax return in Des Moines, Iowa. He was employed as national representative of the Dry Goods Journal, promoting circulation throughout the country. His headquarters are at the corporation's home office in Des Moines. His home is with his married sister in Greenville, Iowa, where he

keeps the things which he does not carry with him on his trips and to which he returns periodically for short week ends. He votes and pays state income tax in Iowa. The corporation does not pay or reimburse him for his expenses, and he bears these expenses himself. In 1940 he traveled the entire fifty-two weeks of the year and spent $2,522 for the year, all in travel outside the State of Iowa. This amount he included in a deduction of $4,368. The Commissioner disallowed the $2,522 and allowed the remaining $1,846 paid for railroad fares, baggage, tips, entertainment, telephone, telegraph, etc.

The statute requires the allowance as deductions of "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business" (Internal Revenue Code, sec. 23 (a)(1)(A)), and forbids the allowance of any deduction for "Personal, living, or family expenses" (sec. 24 (a) (1)). The Commissioner does not dispute the fact or amount of the expenditure, but relies upon the view that the amount of $2,522 is petitioner's personal living expense, and that the petitioner has no home and therefore can not be recognized as having incurred traveling expenses while away from home. We think, however, that the evidence adequately shows that the petitioner, although traveling fifty-two weeks of the year, has his home with his sister in Iowa and that his "home office" is in Des Moines, to both of which he returns for home or business reasons, and that his traveling expenses are exactly within the statutory description. Such expenses of a man traveling in the pursuit of his business are of course living expenses, since they are paid for lodging and meals; but it can not be supposed that the statute paradoxically allows the deduction of traveling expenses and at the same time prohibits the deduction because they are personal and living expenses. Eating and sleeping are as necessary and inevitable expenses of pursuing the business as is riding on trains, and it would be quite inconsistent to classify one among the allowable traveling expenses and the other among the nondeductible living expenses.

In *Chester D. Griesemer*, 10 B. T. A. 386, 389, the taxpayer, who maintained a home in the United States, was sustained in the deduction of traveling expenses incurred on a business trip in Europe. The Board said:

We are convinced that the terms "personal, living or family expenses" referred to in section 215 * * * were intended by the Congress to be applied in the ordinarily accepted sense of those words and not in the broad and sweeping sense in which the respondent is seeking to apply them. Simply because the amounts in question happen to be "living" expenses in a strict sense does not prevent them from being deductible if they are ordinary and necessary and are shown to have been incurred in carrying on his trade or business and are clearly in addition to his living expenses at the usual place of abode which he maintains for his mother and sister. The Congress undoubtedly intended that the taxpayer's personal expenditures in maintaining his usual place of abode should not be

deducted, but that all expenditures made by the taxpayer in addition to those amounts if incurred in carrying on a trade or business should be deducted in determining net income.

In the present case there were no home expenses, and therefore the traveling expenses were not in addition to his living expenses at home; but that gives no ground for substituting a hypothetical home living expense as a nondeductible amount and limiting the deduction to the artificial excess. The statute expressly provides for the deduction among traveling expenses of the *entire* amount expended for meals and lodging, and no part of such entire amount may be treated as living expenses, even though, as in the *Griesemer* case, no actual home living expenses may be included in the deduction.

In *Charles E. Duncan*, 17 B. T. A. 1088, the claimed deduction was disallowed because the evidence did not establish the location of the taxpayer's home or the fact that the expenses were incurred in the pursuit of the taxpayer's trade or business. It was said that the purpose of the statute was to allow deductions for expenses necessarily incident to carrying on one's trade or business and only including meals and lodging when that trade or business requires the taxpayer to be away from his home or usual place of business, and that it was not intended to allow deduction of such expenses by one who maintained no permanent home, no definite headquarters, and traveled on a roving commission with headquarters wherever he happened to be. This does not fit the present case, in which the taxpayer has established that he had a home and that the expenses in question were paid while traveling in the pursuit of his business. See also *Joseph W. Powell*, 34 B. T. A. 655, 658; *Harry F. Schurer*, 3 T. C. 544. The disallowance of the deduction of $2,522 is reversed.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

---

HARRON, *J.*, dissenting: Petitioner, on his return, described his occupation as "traveling salesman." He is a salesman for the Dry Goods Journal, which maintains its office at Des Moines. Petitioner is paid commissions and is given a drawing account. His income from his services to the Journal in 1940 was $5,675. From that amount of gross income, petitioner deducted on his return $4,368 for "traveling expenses."

Petitioner's married sister lives in Greenville, Iowa, which is about 300 miles from Des Moines. His sister and brother-in-law maintain a large home there. They are prosperous. They give petitioner a room in their home. He does not pay them any rent for the room. He keeps his personal property in the room. During 1940 petitioner made only two trips to Greenville over week ends.

Under section 23 (a) (1) of the Internal Revenue Code, a taxpayer is entitled to deduct "traveling expenses," including the entire amount expended for meals and lodging, while away from "home" in the pursuit of a trade or business. The term "home" as that word is used in section 23 (a) (1) has been construed to mean the principal place of business or place of employment of the taxpayer. See *Walter M. Priddy*, 43 B. T. A. 18, 31. It is a question of fact, in this case, whether petitioner's "home," or place of employment, or principal place of business was Des Moines, the office of the Journal. It is immaterial to the issue presented under section 23 (a) (1) that petitioner was given a room in his sister's home in Greenville. It is a fact that petitioner did not maintain a residence in any one place for which he paid rent and other expenses. He lived in his trunks, going from town to town, and living in hotels and on trains. But, also, it is a fact that petitioner carried on his business in the same way. His business was that of a traveling salesman, all of the year. Perhaps his place of business was in all of the cities where his clients were. The record does not disclose much about how petitioner carried on his business or what his business was. The record is bare of facts on such matters. The only indication that petitioner returned to Des Moines, the "home office" of the Journal during the year, is the testimony that petitioner made two trips to Greenville during the year over week ends. Perhaps on those two occasions he went to Des Moines, also. There is no evidence on the point. Under the circumstances, petitioner has failed to prove that his place of business or "home" was Des Moines, for purposes of the statutory provision. It follows that the expenditures in question were not "traveling expenses * * * while away from home in the pursuit of a trade or business."

Unless the expenditures came within the class of "traveling expenses" described in section 23 (a) (1), they are not deductible as "traveling expenses."

Under section 23 (a) (1), a taxpayer is entitled to deduct all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. It may be that petitioner, under a proper understanding of the law, could have proved that his business was such that railroad and pullman expenses and charges for baggage, tips, telephone, telegraph, and entertaining clients, and other items were ordinary and necessary business expenses. Respondent allowed deduction of $1,846 for certain expenses. He did not state his reason for allowing the deduction. Respondent disallowed deduction of $2,522, expenditures for lodging, food, and laundry services, on the ground that they were personal living expenses, and therefore, were not deductible. Sec. 24 (a) (1). That determination was correct in my opinion. The evidence presented, although limited, indicates that petitioner's business was not located in Des Moines, but was located in

the cities where he got business. If the contrary is true, petitioner should have established the point by evidence. The difficulty in this case lies in the failure to correctly frame the issue. That leads to a seeming paradox, to which the majority view refers. But, I do not think the paradox which has been suggested in the majority view exists. Petitioner, in my opinion, has grounds for claiming deduction for his ordinary and necessary business expenses in the conduct of the business of a traveling salesman, and for nothing else. A traveling salesman, like any other taxpayer, has personal expenses. Petitioner's problem is to prove what his business expenses were as separated from his personal expenses. This he has failed to do.

It does not seem reasonable to me that all of the expenditures for the entire year for lodging, meals, and upkeep of clothes were business expenses or traveling expenses. The total sum of $2,522 appears to represent the total amount spent for lodging, meals, and upkeep during the entire year. If the facts were presented properly, it would be possible to allocate some of such expenses to the conduct of petitioner's business. But this has not been done. Petitioner has not shown clearly what his business is, or where it is conducted, or what are the various items of his expenses in conducting his business, including the expenses of traveling from city to city. It appears that petitioner's business is in many cities, and that while he resides in such cities some of his expenses are personal. Petitioner testified that he did not keep any record of his expenses, and that the total sum in question was only a conservative estimate. In short, petitioner has failed to understand that nature of the burden of proof which was upon him in this case. He has failed to meet his burden of proof.

Respectfully dissenting, I believe the holding should be made in this case that petitioner has failed to overcome the prima facie correctness of respondent's determination.