**MOSES MITNICK (ALSO KNOWN AS EDDIE LEWIS), PETITIONER, _v._ COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.**

Docket No. 16971.   Promulgated July 5, 1949.

_Lewis G. Lebish, Esq._, for the petitioner.
_Whitfield J. Collins, Esq._, for the respondent.

OPINION.

HILL, *Judge*: Respondent contends petitioner should not be allowed any deductions for the expenditures involved for the reasons (1) that petitioner has not established any "home" within the meaning of section 23 (a) (1) (A) of the Internal Revenue Code,[1] and, therefore, disbursements that he made while on the road with the shows were personal expenses and not deductible (sec. 24 (a)) ; and (2) that he has failed to sustain his burden of proof with respect to the amount of the deductions claimed. Petitioner claims that he has proved both a home within the meaning of section 23 (a) (1) (A) and the incurrence of the expenses which he claimed as deductions during the years in question.

In *Mort L. Bixler*, 5 B. T. A. 1181, 1184, we said that a taxpayer's "home" as that term is used in the statute,[2] was his "place of business, employment, or post or station at which he is employed." That definition was cited with approval in *Walter M. Priddy*, 43 B. T. A. 18, 31.

Petitioner claims that Canada was his home during the years involved and that he was "in a travel status and is entitled to claim traveling and living expenses in connection with his trade or business within the United States." He had lived in Paris from 1923 until 1939, when he came to the United States for the purpose heretofore stated. The evidence is vague as to whether he ever lived in Canada after 1923, but it is definite that he never visited Canada from 1939 until after 1944 and that his business headquarters were never there. He claims that he paid rent to his brother, who lived in Montreal, Canada, the mode of payment being amounts given to his brother whenever he visited petitioner in the United States. The amounts of such payments or how often they were made are not disclosed by the record. We can not conclude from that evidence that petitioner has established a "home" in Canada for the years involved.

---

[1] See section 213, Internal Revenue Code, and section 29.213-1 (b) of Regulations 111, which provide for the allowable deductions in the case of a nonresident alien individual. If a nonresident alien is engaged in a trade or business within the United States, he may have deductions for ordinary and necessary business expenses under section 23 (a) (1) (A) of the code.

[2] Section 214 (a) (1) of the Revenue Act of 1921, which was later incorporated in the code as section 23 (a) (1) (A).

Neither can we find from the record that he had a permanent or principal place of employment within the United States. The only evidence pertaining to any headquarters in this country was his testimony that he never submitted an expense account while in New York City and that he maintained an apartment part time in that city during the taxable years 1942 and 1943, and the listing of Clifford Fisher of New York City as his employer during the taxable year 1943. There is no showing in the record, however, of how much time he spent in New York City, except that he was there three or four weeks in 1943. We do not believe that those facts prove a permanent headquarters or principal place of business for the years involved, particularly in view of the fact that petitioner apparently never considered New York City his headquarters, for he has not alleged that it or any other place, except Montreal, Canada, was his "home" during such period.

Hence, the evidence is not sufficient to justify any of petitioner's expenditures involved as traveling expenses while away from home in pursuit of a trade or business; his home being, so far as the record shows, wherever a particular show he managed happened to be. The traveling expenses, therefore, were personal expenses and not deductible. Sec. 24 (a), I. R. C. See· *Charles E. Duncan,* 17 B. T. A. 1088, distinguished in *Charles G. Gustafson,* 3 T. C. 998.

Moreover, we can not say from the facts that respondent's disallowance of the entertainment and other business expenses was error. The only evidence presented concerning the amounts of such expenditures was petitioner's estimation. Moreover, he was given an expense account. The amount of that account or for what he was reimbursed can not be adequately ascertained from the record. It might be that the expense account was more than sufficient to cover any of his disbursements for entertainment or other business expenses. In this respect the case at bar differs from *Cohan* v. *Commissioner,* 39 Fed. (2d) 540. Petitioner has failed to overcome the *prima facie* correctness attaching to respondent's determination with respect to those items.

The pleadings also raised the issue of deductibility of $100 for contributions and taxes of $75 allegedly paid by petitioner during the taxable year 1942. Respondent disallowed those deductions for "lack of substantiation." Petitioner presented no proof whatsoever concerning those amounts at the hearing, and respondent's disallowance of those items, therefore, will not be disturbed.

It follows that respondent did not err in his determination.

*Decision will be entered for respondent.*