HAROLD R. JOHNSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21848.   Promulgated February 5, 1952.

*Harold R. Johnson, pro se.*
*William W. Oliver, Esq.,* for the respondent.

BLACK, *Judge:* The decision in this case is controlled by the facts, and after we have found within the meaning of the applicable provisions of the Code that petitioner, an employee, had a home, and that his home was in Memphis, Tennessee, little remains for our consideration here.

Respondent disallowed petitioner's deduction of $1,040 for traveling expenses on the ground that they were personal expenses, and in so doing relied on section 24 (a) (1) of the Code. It reads as follows:

SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x) ;

Respondent also would rely on *Charles E. Duncan*, 17 B. T. A. 1088, aff'd. 47 F. 2d 1082, and *Moses Mitnick*, 13 T. C. 1. In the latter case we said:

Hence, the evidence is not sufficient to justify any of petitioner's expenditures involved as traveling expenses while away from home in pursuit of a trade or business; his home being, so far as the record shows, wherever a particular show he managed happened to be. The traveling expenses, therefore, were personal expenses and not deductible. Sec. 24 (a), I. R. C. See *Charles E. Duncan*, 17 B. T. A. 1088, distinguished in *Charles G. Gustafson*, 3 T. C. 998.

Those cases are not controlling here, however, for the evidence establishes that during the taxable year petitioner had a home. See *Charles G. Gustafson*, 3 T. C. 998. We think that the evidence adequately shows that the petitioner had a home at his principal place of employment where he spent half his working time during the taxable year and where he was to work for his employer unless ordered away temporarily to repair machinery located elsewhere.

Traveling expenses, in order to qualify as a deduction, must, among other things, have been incurred while away from home, *Commissioner* v. *Flowers*, 326 U. S. 465. It is sometimes difficult to determine where a taxpayer's home is, see for example *S. M. R. O'Hara*, 6 T. C. 841; *Joseph H. Sherman, Jr.*, 16 T. C. 332. In *Commissioner* v. *Flowers*, *supra*, the Supreme Court said:

The meaning of the word "home" in § 23 (a) (1) (A) with reference to a taxpayer residing in one city and working in another has engendered much difficulty and litigation. 4 Mertens, Law of Federal Income Taxation (1942) § 25.82. The Tax Court and the administrative rulings have consistently defined it as the equivalent of the taxpayer's place of business. * * *

Since the opinion in *Commissioner* v. *Flowers*, *supra*, we have said: "For the purposes of the statute, a taxpayer's home means his place of business, employment, or post or station at which he is employed."

*Raymond E. Kershner*, 14 T. C. 168. Cf *Beatrice H. Albert*, 13 T. C. 129. Petitioner's principal place of employment was in Memphis and it was to Memphis he returned after completing each work assignment made by his employer and in accordance with the rule announced in *Raymond E. Kershner, supra*, we have found petitioner's home to be in Memphis, and it is this location that must serve as point of origin for computing petitioner's traveling expenses while "away from home."

Petitioner considered his home as being in Statesville where his wife and children resided during the taxable year. Petitioner estimated that he incurred traveling expenses consisting of meals and lodging in the amount of $1,040 during 1946 while away from Statesville. On his tax return petitioner deducted this sum which was computed on the basis of $20 per week for 52 weeks during the year. After this deduction was disallowed in its entirety by respondent, the deductions remaining on petitioner's tax return totaled only $247.50, including the medical deduction of $90. Under these circumstances it was more advantageous to petitioner in computing his 1946 income tax liability to make use of the optional standard deduction, and in the deficiency notice respondent computed petitioner's net income, subtracting $500 for the optional standard deduction. As we shall see, in view of the facts as we find them to be, with respect to the optional standard deduction, the circumstances remain unchanged; therefore that part of respondent's determination is not disturbed.

The optional standard deduction is a deduction from *adjusted gross income* in the computation of an individual's *net income*, and it is in lieu of certain credits and deductions as set forth in the margin.[1] Even though the optional standard deduction is used in computing the 1946 net income of petitioner, an employee, nevertheless he is entitled to certain deductions to be subtracted from *gross income* in computing *adjusted gross income*. See our discussions in *Carroll B. Mershon*, 17 T. C. 861, and *Chester C. Hand, Sr.*, 16 T. C. 1410, and

---

[1] Internal Revenue Code.

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

      *        *        *        *        *        *        *

(aa) OPTIONAL STANDARD DEDUCTION FOR INDIVIDUALS.—

      *        *        *        *        *        *

(2) IN LIEU OF CERTAIN DEDUCTIONS AND CREDITS.—The standard deduction shall be in lieu of: (A) all deductions other than those which under section 22 (n) are to be subtracted from gross income in computing adjusted gross income, (B) all credits with respect to taxes of foreign countries and possessions of the United States, (C) all credits with respect to taxes withheld at the source under section 143 (a) (relating to interest on tax-free covenant bonds), and (D) all credits against net income with respect to interest on certain obligations of the United States and Government corporations of the character specified in section 25 (a) (1) and (2).

section 22 (n) of the Code. We are here concerned with section 22 (n) (2) of the Code which provides:

SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(n) DEFINITION OF "ADJUSTED GROSS INCOME".—As used in this chapter the term "adjusted gross income" means the gross income minus—

\* \* \* \* \* \* \*

(2) EXPENSES OF TRAVEL AND LODGING IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;

The optional standard deduction, section 23 (aa) of the Code, is not in lieu of the deduction provided for under sections 22 (n) (2) and 23 (a) (1) (A) of the Code.

Petitioner estimated that during 1946 his expenditures each week for meals and lodging were $20, and he further estimated that he worked for his employer about 26 weeks in Memphis and about 26 weeks away from Memphis. We have determined that petitioner's home was in Memphis. After considering these facts and estimates, and based upon the rule in *Cohan* v. *Commissioner*, 39 F. 2d 540, we have found that petitioner is entitled to deduct traveling expenses in the amount of $500 from his *gross income* for the year 1946. For the year 1946, petitioner's net income is to be computed as follows:

| | |
|---|---:|
| Adjusted gross income before deduction for travel | $5, 639. 67 |
| Deduction for traveling expenses | 500. 00 |
| Adjusted gross income | $5, 139. 67 |
| Optional standard deduction | 500. 00 |
| Net income | $4, 639. 67 |

Petitioner's income tax liability for the year 1946 is to be computed accordingly.

*Decision will be entered under Rule 50.*