Jim and Mattie McNamee v. Commissioner.
Jim & Mattie McNamee v. Commissioner
Docket No. 31075.
United States Tax Court
1953 Tax Ct. Memo LEXIS 97; 12 T.C.M. (CCH) 1131; T.C.M. (RIA) 53326; October 6, 1953
*97 Malcolm E. Rosser, Esq., for the petitioners. E. G. Sievers, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The respondent determined a deficiency in the income tax of petitioners for the year 1948 in the amount of $212.82. In their petition, the petitioners assign as error the disallowance of deductions taken by them in a joint income tax return for the year 1948 for (a) meals and lodging (away from home) $1,215.50; (b) interest $4.00; (c) cigarette taxes $52; (d) theft loss $100; and (e) special work clothes and laundry $156.25. The petitioners in 1948 were husband and wife with legal residence in Vian, Oklahoma. Their joint income tax return for that year was filed with the collector of internal revenue for the district of Oklahoma. Jim McNamee will hereinafter be referred to as the petitioner. Issue (a), Meals and Lodging Petitioner is a carpenter. On December 10, 1947, the business agent of his union sent him to Richland, Washington, to work on several buildings being constructed there by a construction company. At the time he left for Richland he did not know how long he would be there, and planned to return to *98 Vian, Oklahoma, upon completion of the job. For many years prior thereto he and his wife had lived in Vian in a house owned by his wife's grandmother. Petitioner was employed in Richland from December 10, 1947 to March 1949. While there he lived in a rented room, and ate his meals in a cafeteria. In May 1948 his wife joined him in Richland and lived with him in the rented room during the remainder of the time he was employed there. In his 1948 return petitioner claimed a deduction for meals and lodging while away from home, computed as follows: Lodging 34 wk. at $14.75
$ 501.50
714 meals at $1.00
714.00
$1,215.50 This deduction was disallowed by the respondent. This Court has considered many cases in which the facts do not differ materially from those in the instant proceeding. E. g., Michael J. Carroll, 20 T.C. - (No. 50); Harold R. Johnson, 17 T.C. 1261 (Memphis expenses); Willard S. Jones, 13 T.C. 880; Henry C. Warren, 13 T.C. 205; Grover Tyler, 13 T.C. 186; John D. Johnson, 8 T.C. 303; Arnold Bark, 6 T.C. 851. We have consistently held in these cases that expenditures for meals *99 and lodging at the post of duty or place of regular employment of a taxpayer during the taxable year are not deductible as traveling expenses under Section 23 (a) (1) (A) of the Internal Revenue Code. One of the factors taken into consideration was whether the employment, while lacking permanence, was "indefinite in duration rather than obviously temporary, in that it was not the sort of employment in which termination within a short period could be foreseen, as was the situation in Harry F. Schurer, 3 T.C. 544, and E. G. Leach, 12 T.C. 20." [1]Beatrice H. Albert, 13 T.C. 129, 131. In the instant proceeding the petitioner's employment in Richland was clearly indefinite in duration. He was employed in Richland for a period of approximately 15 months, and during the entire year 1948. From May 1948 to March 1949 his wife lived there with him. Applying the decisions in the foregoing cases we hold that Richland was the post of duty and home during 1948, cf. Commissioner v. Flowers, 326 U.S. 465, and that respondent did not err in determining that the amounts he expended while there for meals and lodging were not *100 deductible as traveling expenses while away from home in the pursuit of a trade or business within the meaning of Section 23 (a) (1) (A) of the Internal Revenue Code. Issue (b), Interest The respondent concedes that he erred in disallowing the deduction taken for interest in the amount of $4. Issue (c), Cigarette Taxes The evidence on this issue is unsatisfactory. It consists only of testimony by petitioner that he smoked two or three packs of cigarettes per day. In his return for 1948 he claimed a deduction of $52 for "Cigarette State Taxes" paid. An examination of petitioner's brief indicates that the deduction was claimed on the ground that he purchased at retail cigarettes upon which the Oklahoma cigarette tax in the amount of $52 had been paid. If this were true, the deduction would have to be disallowed. Commissioner v. Thompson, 193 Fed. (2d) 586 (C.A. 10); Louis M. Roth, 17 T.C. 1450, 1452. Moreover, petitioner was employed in the State of Washington *101 during the entire year 1948, and we think it quite improbable that he paid any Oklahoma cigarette tax while there. The claimed deduction is disallowed. Issue (d), Theft Loss Prior to leaving for Richland the petitioner and his wife lived in a house owned by his wife's grandmother. After his wife left for Richland in May 1948, no one lived in the house until they returned in March 1949. When they returned they discovered that the back door of the house had been broken and that eight quilts, two handsaws, a chopping axe, a post-hole digger, a cross-cut saw, and some dishes, knives, forks, and cooking utensils, which were the property of petitioner, were missing. The eight quilts had a value of $25. In his return for 1948, petitioner claimed that these articles were stolen during that year and that he was entitled to a loss deduction $100of. While the evidence as to the value of the missing articles is not satisfactory, we are convinced that they were stolen and that petitioner is entitled to a deduction of some amount in his return for 1948 by reason of theft. Applying the rule of Cohan v. Commissioner, 39 Fed. (2d) 540 (C.A. 2), we find that the value of the articles *102 stolen was $60 and that petitioner is entitled to the deduction of this amount. Issue (e), Work Clothes and Laundry In his work as a carpenter the petitioner wears cotton overalls with pockets and straps where he could put a hammer and saw. He wore several suits of such overalls while employed in Richland, Washington. White overalls cost him $3.98 each and others $5 each. It cost him fifty cents each to have them washed, and he had a suit of overalls washed every week. In addition to overalls he wore work shoes which cost $7 per pair. A pair of these shoes would last about three or four months. In his 1948 return he claimed as deductions $104.25 for special work clothes and $52 for laundry of work clothes. The overalls purchased by the petitioner were ordinary work clothing and not a uniform. There is no evidence that they were required by his employer. They were selected by him at his discretion for his comfort and convenience in performing his work and to save wear and tear on better and more expensive clothing. The shoes were ordinary work shoes and were not protective or special shoes. In accordance with the decision in Louis M. Roth, 17 T.C. 1450, 1455, the *103 cost of such work clothing and laundry, and the cost of ordinary work shoes, are not deductible expenses. Respondent's action in disallowing the claimed deductions is sustained. See also Harry A. Roberts, 10 T.C. 581, 585, affirmed on another issue, 176 Fed. (2d) 221 (C.A. 9). Election to use long-form method of itemizing deductions. In the income tax return filed for the year 1948, petitioner elected to use the long form and itemize deductions. Respondent disallowed many of the itemized deductions, and determined the deficiency upon the basis of the allowance of the standard deduction. Although petitioner alleges that the respondent erred in using the standard deduction, he does not mention this issue on brief. The use of the standard deduction was obviously intended to be for the benefit of petitioner, on the assumption that the controverted deductions were properly disallowed, and, if the allowance of the standard deduction operates to his advantage, this assignment of error will be deemed to have been abandoned. Decision will be entered under Rule 50. Footnotes
1. See also Coburn v. Commissioner, 138 Fed. (2d) 763↩ (C.A. 2), cited by petitioner, where the employment of an actor in California was regarded as temporary.