OPINION. ToeneR, Judge: It is the claim of the petitioner that, for the purposes of section 23 (a) (1) (A) of the Internal Revenue Code of 1939,[4] his home at all times during the taxable years was at 546 North 15th Street, Milwaukee, Wisconsin, and that under that section, he is entitled to a deduction from gross income for his traveling expenses while away from Milwaukee in the course of his employment, including the amounts paid for meals and lodging. It is his further claim that under the same section other expenditures, including his automobile expense, the cost of formal clothing worn during his performances, and the laundry and cleaning costs thereof were likewise deductible as ordinary and necessary expenses incurred in the carrying on of his trade or business as a professional musician. He now waives any claim for the deduction of hotel and meals expense while working in Milwaukee in 1949 and for the deduction of the costs relating to clothing other than formal wear. It is the position of the respondent that during 1947,1948, and 1949 petitioner had no home, within the meaning of section 23 (a) (1) (A), from which he was traveling in the pursuit of his trade or business, but, for the purposes of that section, his home was wherever he happened to be employed and living at the particular time. As to the expenditures for the maintenance and operation of his automobile and for clothing, laundry and cleaning, and the like, it is respondent’s position that they were personal expenses, which are not deductible,[5] and not ordinary and necessary expenses incurred by petitioner in carrying on his trade or business,, within the meaning of the statute. In addition, the respondent makes the affirmative claim that during 1947 the petitioner, as a part of the compensation received for services rendered the Hotels Duluth and Wausau, was furnished hotel room accommodations for himself, his wife, and child, in lieu of a higher money salary; that the fair market value of such accommodations amounted to $1,020; and that such fair market value of the accommodations so furnished constituted additional income to petitioner in that year. That petitioner did not have or maintain his residence at 546 North 15th Street, in Milwaukee, during the taxable years, is, in our opinion, clearly established by the facts. He may have retained, and probably did retain, Milwaukee as his domicile, but that is not the question before us. He and his family lived, and had their home or place of abode, wherever petitioner happened to be working, and it is significant, we think, that when petitioner did return to Milwaukee in the pursuit of his trade or business as a professional musician, he and his family did not live or reside at the North 15th Street address, but established their residence elsewhere in the city. On the facts shown of record, and found herein, we conclude and hold that petitioner, while away from Milwaukee in the course of his employment during the taxable years, was not away from home in the pursuit of his trade or business within the meaning of section 28 (a) (1) (A). Commissioner v. Flowers, 326 U. S. 465; Moses Mitnick, 13 T. C. 1; Walter M. Priddy, 43 B. T. A. 18; and Mort L. Bixler, 5 B. T. A. 1181. Charles G. Gustafson, 3 T. C. 998, cited and relied upon by petitioner, is not this case, but is distinguishable on the facts. The facts do show, we think, that petitioner did incur some ordinary and necessary expenses within the meaning of section 23 (a) (1) (A) in the course of his employment. We are convinced that formal clothing was acquired and used by him solely during his performances, and that the amounts expended therefor and for the laundering and dry cleaning of such clothes are within the meaning of the statute. We have no satisfactory proof, however, as to the amount of such expenditures. Applying the rule in Cohan v. Commissioner., 39 F. 2d 540, we have found that the expenditures incurred for such formal clothing and accessories in each year were $60, and that the laundry and cleaning charges with respect thereto for each year amounted to $30. Similarly, we are convinced, and have found, that some of the expenditures deducted by petitioner under the heading of entertainment were ordinary and necessary in his employment. There is no evidence, however, which persuades us that the amount thereof was substantial. Applying the Cohan rule, we have found that he did expend $25 for such purposes in each of the taxable years. As to other items claimed as ordinary expenses and disallowed in the determination of deficiencies herein, the respondent is sustained. By claim, affirmatively raised, the respondent contends that during the year 1947 petitioner, as a part o'f the compensation received by him for services rendered the Hotels Duluth and Wausau, was furnished hotel room accommodations for himself, his wife, and child, in lieu of a higher money salary. The proof of record amply sustains that contention, and we have so found. The respondent has not shown, however, the fair market value of the room accommodations so furnished by the two hotels. He asks for a finding of $1,020, applying a $20 rate for 51 weeks. It was petitioner’s testimony that the rooms were supplied because the hotels had surplus space at the time. It is to be noted, also, that as late as 1949, petitioner was able to obtain room accommodations for himself and family in Milwaukee at $17.50 per week. Surely the respondent, who had the burden of proof in this connection, could have furnished the Court with evidence as to the going rate in 1947 for hotel accommodations such as were supplied petitioner by the two hotels. But, so far as appears, the respondent made no effort to obtain such evidence. Again applying the rule in Cohan v. Commissioner, supra, and bearing heavily against respondent, who had the burden of proof, we have found that the fair market value of the room accommodations received by petitioner from the Hotels Duluth and Wausau in 1947 for himself and family was $600. Decision will be entered wnder Bule 50. SEC. 23. DEDUCTIONS PROM GROSS INCOME. In computing net income there shall be allowed as deductions : (a) Expenses.— (1) Trade or business expenses.— (A) In General. — All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, Including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business ; • * * SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. — In computing net income no deduction shall in any ease be allowed in respect of— (1) Personal, living, or family expenses, « * •