Robert K. Denning and Opal M. Denning v. Commissioner.
Denning v. Commissioner
Docket No. 54366.
United States Tax Court
T.C. Memo 1955-210; 1955 Tax Ct. Memo LEXIS 130; 14 T.C.M. (CCH) 838; T.C.M. (RIA) 55210; July 26, 1955
*130 William C. Myers, Jr., Esq., 917 West Daugherty, Webb City, Mo., for the petitioners. Merl B. Peek, Esq., and Claude R. Sanders, Esq., for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The Commissioner determined a deficiency of $519.18 and a penalty under section 294 (d) (1) (A) of the Internal Revenue Code of 1939 of $9.60 for the year 1952. The question for decision is whether the amounts of $1,239.14 and $359.60 are deductible from gross income as ordinary and necessary business expenses while away from home within the meaning of section 23 (a) (1) (A) of the Internal Revenue Code of 1939. [Findings of Fact] All of the facts are stipulated and are so found. Petitioners, husband and wife, resided in Webb City, Missouri, during 1952 and for 20 years prior thereto. Their joint income tax return for that year was filed with the director of internal revenue at Kansas City, Missouri. Robert K. Denning, hereafter called petitioner, is a steamfitter by trade. During 1952 petitioner worked for the United Engineers and Construction, Incorporated at Cleveland, Ohio, from January 1 to April 4, at which time his employment was terminated. He again *131 worked for the same employer in Cleveland from April 20 to September 14. From November 1 to December 20 of 1952 he was employed by the Workman Plumbing Company, Fort Leonard Wood, Missouri. He returned to Webb City to reside from April 4 to April 20 and from September 14 to November 1, 1952. Petitioner did not work as a steamfitter in Webb City during 1952. Petitioner's employment in Cleveland and at Fort Leonard Wood was the result of phone calls made to him at his residence in Webb City by the business agent of the local union at those places. He was affiliated with the local chapter of a trade union in Cleveland during 1952. On their joint income tax return for 1952, petitioners deducted the following amounts as "traveling" and "away from home" expenses for which petitioner was not reimbursed: Travel Expense
At Cleveland, Ohio, 36 1/2 weeks
Automobile expense 1,794 miles at 6"
$107.64
Lodging at $10.00 per week
365.00
Meals at $21.00 per week
766.50
$1,239.14
At Fort Leonard Wood, 10 Weeks
Automobile expense 160 miles at 6"
$ 9.60
Lodging at $14.00 per week
140.00
Meals at $21.00 per week
210.00
$ 359.60
Total Deduction Claimed
$1,598.74
*132 The claimed deduction was denied with the explanation: "It is held that traveling expenses incurred by you during 1952 were not such as to fall within the purview of Section 23(a)(1)(A) of the Internal Revenue Code and therefore are not excludable from gross income for that year. Income is thereby increased in amount of $1,598.74." [Opinion] We have been faced with the question thus posed many times. The decided cases indicate that the deductions claimed here are not allowable where the fact situation is such that the employment, while lacking permanence was "indefinite in duration rather than obviously temporary, in that it was not the sort of employment in which termination within a short period could be foreseen, * * *" Beatrice H. Albert, 13 T.C. 129, 131. See also Michael J. Carroll, 20 T.C. 382; Harold R. Johnson, 17 T.C. 1261; Willard S. Jones, 13 T.C. 880. On the other hand deductions for travel expenses "away from home" have been allowed where the employment is at a distant place and is merely temporary. Harry F. Schurer, 3 T.C. 544; E. G. Leach, 12 T.C. 20. *133 The difficulty of "drawing the line" has been indicated in the cited cases. Here petitioner maintained a residence for himself and his family in Webb City, Missouri, throughout the taxable year. He was absent from Webb City on three different jobs during the year, procured for him through his union affiliations. Two of the jobs were in Cleveland, Ohio, but there was no necessary continuity between any of the three employments. On all of the facts we think the various employments were temporary rather than of indefinite duration and that this case comes much closer to Leach and Schurer than to the other cases cited above. Accordingly we decide the issue for petitioners. No evidence was introduced by petitioners bearing on the section 294 (d) (1) (A) penalty question and the Commissioner's action in making an addition to tax under that section is approved. The amount thereof, if any, will depend on the Rule 50 computation. Decision will be entered under Rule 50.