Robert J. Burns v. Commissioner.
Burns v. Commissioner
Docket No. 52868.
United States Tax Court
T.C. Memo 1956-84; 1956 Tax Ct. Memo LEXIS 211; 15 T.C.M. (CCH) 437; T.C.M. (RIA) 56084; April 12, 1956
*211 Robert J. Burns, 2828 Thirty-fifth Street, Long Island, N. Y., pro se. A. Jesse Duke, Jr., Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion Respondent determined deficiencies of $281.20 and $282.51 in income tax for 1949 and 1950, respectively. The only issue is whether respondent erred in disallowing deductions for those years of $1,784 and $1,758, respectively, claimed as "living expenses." Findings of Fact Petitioner is an individual. He filed his Federal income tax returns for 1949 and 1950 with the then collector of internal revenue for the first district of New York. On each return he gave as his home address "2828 - 35th St., Long Island City 3, New York." On April 14, 1941, petitioner first entered the employment of the Western Electric Company in New York City as an installer of telephone central office equipment. In July of the same year he was transferred to Washington, D.C. In October 1942 he was transferred to Nashville, Tennessee. On February 11, 1943, he was inducted into the Army. He served with the Army Signal Corps service for 3 years and returned to Western Electric Company in New York in March 1946 and worked *212 on various installations in New York City until January 1949. While in New York he lived with his widowed stepmother and sister, both of whom were working for their own support. His father had died in 1945. Petitioner $20contributed per week towards the expense of the apartment on 35th Street while living with his stepmother and sister. In January 1949 petitioner was transferred from New York City to Baltimore, Maryland. He then ceased making his weekly contributions to his stepmother except when spending week-ends at the apartment he would contribute something toward the general cost of his subsistence. Petitioner was a single man with no dependents during the taxable years in question. Under the terms of the contract the union had with petitioner's employer, upon each transfer and new assignment, petitioner received the living allowance provided for a single man with no dependents which was on a graduated scale of initially $12, then $8 for 10 weeks, $6 for 5 weeks, $4 for 4 weeks and then no allowance until the next transfer. The total amounts received by petitioner from such sources were $340 in 1949 and $300 in 1950. From January 1949 through December 1951 petitioner worked *213 in Baltimore for 13 weeks, and in Catonsville, Maryland, for 3 or 4 weeks, and 7 cities in New Jersey, namely, Camden, Hackensack, Paterson, Union City, Newark, Bellevue, and Fairlawn. In 1952, petitioner requested to be transferred back to New York and in December of that year his request was granted, after which he married and at the time of the trial of this cause was living with his wife in Stony Point, New York. Petitioner's work with the Western Electric Company was with the mobile force of communications technicians which did most of the work for the Bell Systems throughout the United States such as installing central office equipment, switchboard, and dial service. The territory in which this work was done was divided into zones with a manager in charge of each zone. As he moved from one zone to another he would report to the new zone manager and work under his jurisdiction and authority. At the completion of each job, petitioner would be transferred to wherever he was needed. He had no assurance that upon the completion of any job he would be transferred back to New York. In 1952, when petitioner was transferred back to New York, he was paid the above-mentioned living allowance *214 for 20 weeks just the same as for any other transfer. Petitioner reported as "Other income" the amounts of $340 and $300 received in 1949 and 1950, respectively, as living allowances. In his return for 1949 he deducted from his adjusted gross income the amount of $2,124 as representing "Living expenses incurred at rate of $6 per day while away from home 354 days." In his return for 1950 he deducted from his adjusted gross income the amount of $2,058 as representing "Living expenses, $6 per day X 343 days." The respondent, in a statement attached to the deficiency notice, allowed the aboveclaimed deductions to the extent of the living allowances reported as other income in the amounts of $340 and $300, and disallowed the balance of the deductions claimed in the amounts of $1,784 for 1949 and $1,758 for 1950 and gave as his reason therefor the statement that "Living expenses incurred while away from home are disallowed as you did not substantiate the fact that your home was not at the place of your employment." Petitioner's home during the taxable years in question was at the place of his employment. Opinion ARUNDELL, Judge: Section 23(a)(1)(A) of the Internal Revenue Code *215 of 1939 provides that in computing net income there shall be allowed as deductions "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business * * *." One of the three conditions which must be satisfied before a deduction is allowable under this section is that the taxpayer must show that such expenses were incurred "while away from home." Commissioner v. Flowers, 326 U.S. 465. In Raymond E. Kershner, 14 T.C. 168, 174, we said: "For the purposes of the statute, a taxpayer's home means his place of business, employment, or post or station at which he is employed. Commissioner v. Flowers, 326 U.S. 465; Moses Mitnick, 13 T.C. 1; Walter M. Priddy, 43 B.T.A. 18; Mort L. Bixler, 5 B.T.A. 1181." Petitioner was not married during the years in question. He had no dependents. Prior to going to Baltimore in January 1949, he lived with his stepmother and sister and helped pay the rent of the apartment, which he ceased doing as soon as he was transferred away from New York. His jobs from then on were of indefinite duration. He had no *216 assurance that upon the completion of any job he would be transferred back to New York. He worked under the jurisdiction and authority of zone managers outside of New York. Under such circumstances, we cannot find that petitioner's home was in New York and that he was "away from home" during the two years in question. The only "home" petitioner had during those two years was at the place of his employment. It follows that petitioner has not shown that he is entitled to deduct the expenses disallowed by the respondent. Wilson John Fisher, 23 T.C. 218, affirmed by C.A. 7, 230 Fed. (2d) 230 (Feb. 8, 1956); Moses Mitnick, 13 T.C. 1. Cf. Beatrice H. Albert, 13 T.C. 129; Raymond E. Kershner, supra; Michael J. Carroll, 20 T.C. 382. Decision will be entered for the respondent.