Thomas M. B. Hicks, Jr., and Mildred T. Hicks v. Commissioner.
Hicks v. Commissioner
Docket No. 67089.
United States Tax Court
T.C. Memo 1960-48; 1960 Tax Ct. Memo LEXIS 238; 19 T.C.M. (CCH) 230; T.C.M. (RIA) 60048; March 24, 1960
*238 Held, that petitioner's post of duty was in New York City and that costs incurred there for meals, lodging, and tips are not deductible as traveling expenses while away from home in the pursuit of trade or business under section 162 of the Internal Revenue Code of 1954. Held, further, that certain expenditures for services and supplies incurred by the petitioner in New York City are deductible as ordinary and necessary business expenses. Thomas M. B. Hicks, Jr., pro se., Pioneer Avenue, R.D. 3, Dallas, Pa. Albert Squire, Esq., for the respondent. ATKINS
Memorandum Findings of Fact and Opinion *239 ATKINS, Judge: The respondent determined a deficiency of $525.33 in income tax for the calendar year 1955. The principal question presented is whether expenditures made by petitioner Thomas M. B. Hicks, Jr. in New York City were incurred while away from home in the pursuit of trade or business and are deductible as traveling expenses. Findings of Fact The petitioners are husband and wife. They filed a joint income tax return for the year 1955 with the district director of internal revenue at Scranton, Pennsylvania. During the year 1955, and since 1946, petitioners have maintained their residence in Dallas, Pennsylvania, where they own their own home. Dallas is about 160 miles from New York City. Since a time prior to 1955, the petitioner Mildred T. Hicks has been employed in Dallas as the editor of a weekly newspaper. Since the instant case involves only deductions of the petitioner Thomas M. B. Hicks, Jr., he will be referred to hereinafter as the petitioner. In 1935 the petitioner was hired for a term of two years as general manager of a department store in Wilkes-Barre, Pennsylvania, and gained some reputation for rehabilitating department and chain stores which were in financial *240 difficulty. He was offered a consulting assignment by one of the chain stores. Thereafter, until his employment by the George S. May Company in 1954, he practiced as an independent consultant, during a portion of which time he had an office in New York. He did some practice both at the place of his residence and at his New York office. The petitioner has been continuously employed by the George S. May Company since January 1954. That company is a partnership engaged in the business of management and industrial consulting. Its operations are almost world wide. Its main office is in Chicago, Illinois, with two other operating offices in San Francisco and in New York City. The New York City office is the only operating office in the company's Eastern Division. From time to time new contracts were entered into between the petitioner and the company. This occurred whenever there was a change of title or type of work. On July 2, 1954, he entered into a contract with the company, whereby he was employed as installation supervisor. This contract was executed by the Eastern Division of the company. Such contract provided for a salary to be paid and also provided that when on field assignments, *241 the petitioner should be entitled to reimbursement of transportation expenses to and from designated job assignments, and a per diem for living and incidental expenses. Such contract did not specifically designate a post of duty. It was signed by the chief engineer of the installation department located in New York City. On March 17, 1955, petitioner entered into another agreement executed by the Eastern Division of the company, whereby he was employed as training supervisor in the installation department of the Eastern Division. This contract provided that the petitioner should be allowed reasonable traveling and living expenses "when on Company business away from home." Under this contract the petitioner was in charge of a training course conducted in New York City for new engineers, and he actually commenced this work on March 5, 1955. This agreement continued until a new contract was entered into on May 21, 1956. On January 1, 1955, the petitioner completed an assignment in Key West, Florida. From January 2, 1955 to about January 24, 1955, he was on assignment in Fort Lauderdale, Florida. Thereafter until about February 21, 1955, he was assigned to duty in Chapel Hill, North *242 Carolina. Thereafter, until March 4, 1955, his assignment was in Parkersburg, West Virginia. Petitioner was reimbursed by his employer for the traveling expenses which he incurred in performing these assignments. From March 5, 1955 until November 1956, the petitioner performed services for his company at the company's office in New York City, except for one week in September 1955, when he did some additional work in Chapel Hill, North Carolina. Petitioner received reimbursement for his expenses in connection with that trip. He received no reimbursement from his employer for his living or other expenses for the period in which he was performing services in the New York office. During the time the petitioner worked in New York he occupied a hotel room and took his meals in restaurants. His wife did not wish to give up her job in Dallas, and if she had moved to the New York area she would have had to commute every week to Dallas, Pennsylvania. During the year in question the petitioner made the following expenditures: Transportation - $616.07. Of this amount $266.54 was incurred away from New York. Of the remaining amount of $349.53, the respondent now concedes that $66.00 was *243 incurred on a trip to Chapel Hill, North Carolina, and that he erred in disallowing the deduction to this extent. The petitioner concedes that the balance of $349.53, which consisted principally of costs of trips from New York to his residence in Pennsylvania, is nondeductible. Local Transportation - $90.15. Of this amount $8.40 was incurred away from New York. The balance of $81.75 consisted of subway, bus, and taxi fares in commuting from the petitioner's hotel to his place of business while in New York. Hotel Expenses - Lodging - $1,404.52. Of this amount $340.85 represented expenses incurred away from New York, $41.57 representing hotel bills paid at Chapel Hill, North Carolina. The balance of $1,063.67 represented cost of lodging at the hotel in New York. Meals - $1,120.00. Of this amount $245.77 was incurred while away from New York. The remainder, $874.23 was expended for meals in New York. Services - $181.88. Of this amount $43.25 was incurred while away from New York. The remainder, $138.63 represented payments for public stenographer, typewriter rentals, calculator rentals, and obtaining blue prints in connection with the petitioner's work. This was not subject to *244 reimbursement by petitioner's employer. Supplies - $30.89. Of this amount $9.79 was expended while away from New York. The remainder, $21.10 was incurred in New York for such items as technical books and drafting material. This was not subject to reimbursement by petitioner's employer. Communication - $108.65. Of this amount $49.02 was incurred while away from New York. The remainder, $59.63 represented cost incurred by the petitioner in New York for telephone, telegraph, and postage. Of this amount $49.63 consisted principally of telephone calls in the evenings to or from members of the organization of the employer requesting information or advice regarding jobs on which they were engaged. The petitioner concedes that $10 of the $59.63 represented personal telephone calls. Miscellaneous - $72.00. Of this amount $21.12 was incurred while away from New York. The balance, $50.88 represented amounts expended in New York for tips to hotel employees. In his return the petitioner included in gross income an amount of $925.43 as reimbursements for expenses incurred while away from New York. The petitioner deducted all the above listed expenditures made in New York and elsewhere in *245 the total amount of $3,624.16. Of this amount, the respondent in the notice of deficiency disallowed all except $925.43. He now concedes that the total amount of all expenditures incurred by the petitioner away from New York, amounting to $1,050.74 is deductible. Opinion The petitioner takes the position that since he and his wife maintained their residence in Dallas, Pennsylvania, the expenses incurred by him in New York, including the cost of meals and lodging, were incurred while away from home in the pursuit of a trade or business and are therefore deductible under section 162 of the Internal Revenue Code of 1954. [1] The gist of the petitioner's argument is that "home" within the meaning of the statute is the place where he maintains his family residence, pointing out that in the case of Commissioner v. Flowers, 326 U.S. 465, the Supreme Court refrained from deciding the meaning of the term "home" in the statute. *246 The position of this Court is that expenses incurred by an employee for meals and lodging at his post of duty or principal place of business are not deductible, and that in order for such expenses to be deductible as expenses of business travel they must be incurred while the taxpayer is temporarily living and working away from his headquarters, post of duty, and "home." John J. Harvey, 32 T.C. 1368 (September 30, 1959) on appeal (C.A. 9). This position is supported by the Supreme Court's decision in the Flowers case. In that case the taxpayer was employed as the vice president and general counsel of a railroad having its main office in Mobile, Alabama, and the taxpayer's principal post of business was at such main office. He maintained his residence in Jackson, Mississippi, and made trips between the two cities. He sought to deduct, among other things, his expenditures for meals and hotel accommodations while in Mobile. The Supreme Court there held that one of the prerequisites to the deduction was a showing of a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or his employer. It was stated that the exigencies of *247 the business, rather than the personal convenience and necessities of the traveler, must be the motivating factor. It was held that the expenses were incurred solely as the result of the taxpayer's desire to maintain a home in Jackson while working in Mobile, a factor irrelevant to the maintaining and prosecution of the railroad's legal business. We see no essential difference between the situation here presented and that presented in the Flowers case. Whereas prior to 1954 the petitioner had been engaged in his own business of consulting, in the early part of 1954 he became an employee of the George S. May Company, more particularly by the Eastern Division of that company which had headquarters in New York City. Although the custom was to enter into a new contract whenever the title of a position or the nature of the work was changed, the petitioner continued in the regular employment of that company from 1954 until the date of the hearing in this case. The expenditures here in question were those incurred by the petitioner while he was in New York conducting a training course. Under his contract he was entitled to reimbursement for only such expenditures as he made "when on Company *248 business away from home." The word "home" as used in the contract obviously referred to New York since the company did not reimburse the petitioner for the expenses incurred there. Thus, it seems clear enough that for this particular employment at least the petitioner's post of duty was New York City. It is our conclusion, therefore, that the expenditures in question for food, lodging and tips incurred by the petitioner in New York City were not due to the exigencies of the employer's business, but were incurred for the personal convenience or necessity of petitioner. As such, they were personal in character. Section 262 of the Internal Revenue Code of 1954. [2] See also Barnhill v. Commissioner (C.A. 4), 148 F. 2d 913, affirming a Memorandum Opinion of this Court [3 TCM 514]; Ford v. Commissioner (C.A. 4) 227 F. 2d 297, affirming a Memorandum Opinion of this Court [13 TCM 1083]; O'Toole v. Commissioner (C.A. 2), 243 F. 2d 302, affirming a Memorandum Opinion of this Court [15 TCM 667]; and Harold R. Johnson, 17 T.C. 1261. *249 The petitioner testified that when he was given the assignment in New York City the chief engineer of the company told him that the position might not last very long; that he knew from his experience with the company that employees assigned to the executive staff in New York did not remain there for long periods of time; and that the business manager of the Eastern Division of the company had advised the director of internal revenue by letter that New York was not the petitioner's post of duty in a fixed or permanent sense, that the employment was on a week-to-week basis, and that the petitioner was subject to return to field duty at any time with or without notice. From this the petitioner argues that his position in New York City was of a temporary nature and that hence it should not be considered that he was at "home" while there for purposes of determining the deductibility of his expenses incurred there. However, as we view the situation, the petitioner's employment in New York was of an indefinite, rather than temporary, nature. The contract stated no limited term and actually he continued in New York for a period of about 20 months. The fact that the company might at some *250 time decide to send him back to the field does not mean that the employment was temporary. We consider New York as his post of duty or principal place of business. Accordingly, it cannot be considered that while in New York he was away from "home" within the meaning of the statute. We hold that the amounts expended by the petitioner in New York for meals, lodging and tips are not deductible. Nor is the amount of $81.75 expended in New York for commuting deductible. See William L. Heuer, Jr., 32 T.C. 947, and authorities cited therein. The petitioner has also claimed as a business expense an amount of $59.63 spent in New York for communications. He now concedes that $10 thereof represented personal telephone calls, but testified that the remainder, $49.63 represented telephone calls related to his job. More particularly he stated that they were for calls made to field men in response to calls they made to him at night for information or assistance. The field men did not make the calls through the company, since they did not wish it known that they needed help. Upon this showing, we cannot conclude that the cost of telephone calls made by the petitioner were requirements *251 of his job, and we approve the respondent's disallowance thereof. Included in the items which the petitioner deducted, and which the respondent disallowed, were $138.63, representing payment for public stenographer, typewriter rentals, calculator rentals, and blue prints, and $21.10, representing cost of technical books and drafting material. The petitioner testified that these were not reimbursable, but that they were incurred in the performance of his duties. He stated that he did some of his work at night while away from the company office. We are satisfied from the testimony of the petitioner that these expenditures constituted ordinary and necessary expenses incurred by him in carrying on his business as an employee of the company, and that they were not reimbursable. We hold that these amounts are deductible. As set forth in our Findings of Fact, the respondent has conceded that certain amounts which he disallowed are deductible. Effect will be given to these concessions in the recomputation. Decision will be entered under Rule 50. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩