Eugene Gressman, Washington, D. C., Henry Kaiser, Van Arkel & Kaiser, Washington, D. C., for petitioner.

H. Brian Holland, Asst. Atty. Gen., Joseph F. Goetten, Attorney, Tax Division, U. S. Dept. of Justice, Washington, D. C., Ellis N. Slack, Lee A. Jackson, John J. Kelley, Jr., Attorneys, Department of Justice, Washington, D. C., for respondent.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

**Wilson John FISHER, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 11492.**

United States Court of Appeals Seventh Circuit.

Feb. 8, 1956.

FINNEGAN, Circuit Judge.

Petitioner, Fisher, invokes our jurisdiction under §§ 7482, 7483, Internal Revenue Act of 1954,[1] for review of a Tax Court decision, adverse to him and reported as Fisher v. Commissioner, 1954, 23 T.C. 218. Deficiencies in income tax for the taxable years 1947, 1948 and 1949 were entered by the Tax

i. 68A Stat. 890, 26 U.S.C. §§ 7482, 7483.

Court, against taxpayer Fisher, in the respective amounts of $801.88, $739.72 and $651.72.

█ Factually [2] this case presents little difficulty. Actually this taxpayer's real problem and ultimate relief, and for that matter of others similarly situated, lies at the policy-making and legislative levels of government, well outside our province. Interstate Transit Lines v. Commissioner, 1943, 319 U.S. 590, 593, 63 S.Ct. 1279, 1281, 87 L.Ed. 1607, contains an articulation of the "* * * now familiar rule that an income tax deduction is a matter of legislative grace and that the burden of clearly showing the right to the claimed deduction is on the taxpayer."

Taxpayer, an itinerant professional musician, traveled from city to city performing, solo, in various hotel dining rooms and cocktail lounges. These engagements varied in duration from three to four weeks, or as long as seven or eight months. His wife and child traveled and lived with taxpayer wherever he was situated during the taxable years involved. Because, as he contended, Milwaukee, Wisconsin was his home within the meaning and purport of § 23(a) (1) (A) Revenue Act of 1939,[3] Fisher claimed various deductions under that section. Consequently, in order to test the deductibility of the travel expenses claimed by taxpayer, the Tax Court had to decide if, when Fisher was absent from Milwaukee he was away from home in the pursuit of his trade or business within the meaning of § 23(a) (1)˝ (A). We think the Court correctly found, on the evidence contained in this record and the material portions of which follow, that taxpayer's home and place of business coincided for the periods in question:

"The petitioner was born and reared in Milwaukee. His parents, his wife, and his child were also natives of Milwaukee. He was registered as a voter in Milwaukee and voted there by absentee ballot in 1948. He procured the license for the operation of his automobile from the proper authorities in Milwaukee, and the address given for that purpose was 546 North 15th Street, Milwaukee. He filed State income tax returns with the State of Wisconsin, and on the return so filed for 1948, he gave 546 North 15th Street, Milwaukee, as his 'Mail Address,' but listed Marathon, the county in which Wausau is located, as the county in which he had resided in 1947.

"Mrs. Ruth Holle was petitioner's mother-in-law. At the time of petitioner's marriage to her daughter, in 1941, and up to some undisclosed date, either in late 1943 or early 1944, Mrs. Holle and her husband lived in an apartment at 908 or 910 West Center Street, Milwaukee. The Holles occupied a second floor apartment, and for some indeterminate period, petitioner and his wife lived at the same address, occupying a third floor apartment. Late in 1943, petitioner secured an engagement at the LaSalle Hotel in Milwaukee and moved into an apartment furnished him by that hotel and continued to reside there until on or about March 15, 1944, when he and his family moved in with Mrs. Holle at the 546 North 15th Street.

2. Taxpayer stated in his brief at page 2: "The essential facts in this case are not in dispute."

3. "In computing net income there shall be allowed as deductions:
    "(a) Expenses
    "(1) Trade or business expenses.
    "(A) In general. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business * * * *."

address. In the interim, the Holles, after procuring an unfurnished apartment at the last stated address, had been divorced. The apartment consisted of a fairly large living room, with an in-a-door bed, a pullman kitchen, a dining room, and bath. In the living room there was also a Simmons hide-a-bed, which was screened off when used for sleeping. Mrs. Holle occupied this apartment continuously until 1950.

"Petitioner and his family would stay at his mother-in-law's between some of his engagements, and at times, on his day off, they would drive to Milwaukee. Monday was usually his day off, and on some engagements he would have no performances from Sunday night until Tuesday night. Petitioner paid no part of the rent on the apartment, but would make some payment of household expenses when he and his family were at the apartment. Some of his personal possessions, including some of his music, were left at the apartment, but the apartment was too small to hold all such possessions of either petitioner or his mother-in-law, and jointly they rented storage space in a Milwaukee warehouse, where they stored surplus belongings. Among other things so stored by petitioner, would be wardrobe trunks containing off-season clothing.

"In promoting his engagements, petitioner used printed brochures and other advertising material. The brochures were made up in lots of 2,000 to 3,000 copies. Such material carried the Milwaukee address, '546 North 15th Street, c/o Mrs. F. Holle.' Much, if not most, of petitioner's correspondence was carried on by petitioner, with the assistance of his wife, from their hotel room at the place where petitioner happened to be working. Mail addressed to petitioner at the Milwaukee address would be received by Mrs. Holle and she would place such mail in an envelope or package and sent it on to petitioner. Petitioner anticipated there would be some responses or inquiries by telephone, and to that end, he contributed $5 a month toward the payment of the apartment telephone bill." [4]

 Under the facts of this particular case we find wanting any sound basis for disturbing the findings made by the Tax Court. Card v. Commissioner of Internal Revenue, 8 Cir., 1954, 216 F. 2d 93, 96. Even despite an absence of definitive characteristics for the word "home," as used in § 23(a) (1) (A), in Commissioner of Internal Revenue v. Flowers, 1946, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203, that decision controls this appeal. See also: Mitnick v. Commissioner, 1949, 13 T.C. 1; 4 Merten's Law of Federal Income Taxation § 25.93 (1954).

The decision of the Tax Court brought here for review is affirmed.

Affirmed.