HENRY C. DENEKE AND LOIS CASH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 331–63.   Filed August 27, 1964.

*Alton King*, for the petitioners.
*John W. Dierker*, for the respondent.

HOYT, *Judge:* The respondent determined a deficiency in petitioners' income tax of $1,444.25 for the calendar year 1959.  The sole issue contested by the petitioners is whether or not certain expenses for meals and lodging were incurred while "away from home" within the meaning of section 162(a)(2) of the 1954 Code.

### FINDINGS OF FACT

All of the facts have been stipulated and are found accordingly.

Petitioners Henry C. Deneke and Lois Cash were husband and wife during the calendar year 1959 with their legal residence at the Dogwood Motel, Palestine, Tex.  They filed their joint Federal income tax return with the district director of internal revenue in Dallas, Tex., for the calendar year 1959.

During the year 1959 petitioners were employed as salesmen for Silas Dean Organization, Denver, Colo., with a sales territory consisting of the States of Louisiana, Oklahoma, Texas, Arkansas, and New Mexico.

The records of the Dogwood Motel, Palestine, Tex., reflect that the petitioners spent 53 nights at the Dogwood Motel for which they paid $368 during the year 1959.  Forty-two of the nights were spent in single rooms, 10 nights in double rooms, and 1 night in a three-room apartment.

Two of the petitioners' dependent children, Thomas and Richard, 11 and 9 years of age, respectively, also resided in Palestine, Tex.  They attended the St. Mary's Academy of Palestine, Tex., and during 1959 the petitioners paid $1,566 for their board, lodging, tuition, and incidental expenses.  The school had instructions that in case of an emergency they should call Robert H. Mackie who was the manager of the Dogwood Motel.

Petitioner Henry C. Deneke made payments on a note for $636 to the East Texas National Bank of Palestine, Tex., during the year

1959. The petitioners also paid poll taxes in Anderson County, Tex. The address which they listed with the tax assessor-collector, Anderson County, Tex., was the Dogwood Motel, Palestine, Tex.

During the year 1959 the petitioners spent $2,495.27 for rooms while away from Palestine, Tex. They also spent $1,248 for meals while away from Palestine.

## OPINION

In order to be entitled to a deduction under section 162(a)(2) the petitioners must show that (1) the expenses incurred were reasonable and necessary, (2) that they incurred the expenses while "away from home," and (3) that the expenses were incurred in pursuit of business. *Commissioner* v. *Flowers*, 326 U.S. 465 (1946). Here in this fully stipulated case, the only issue argued by the parties is whether or not the expenses were incurred "away from home."

As was noted by the court in the recent case of *James* v. *United States*, 308 F. 2d 204 (C.A. 9, 1962), there are two reasons for allowing a deduction for meals and lodging while "away from home." One is to compensate for the duplication of living expenses, and the second is to make allowance for the excessive cost of food and shelter while traveling.

In the present case the petitioners had no permanent home in Palestine, Tex. Consequently, there was no duplication of expenses when they were traveling. In like manner there were no excess expenses since they were in a status of constant travel.

The only contacts petitioners had with Palestine, Tex., were: Two of their children attended boarding school there; petitioner Deneke had a note with a bank there; they paid poll tax in Palestine; they spent 53 nights in a motel in Palestine; and their legal residence was stipulated to be Palestine. Although the petitioners' income tax return for 1959 claimed a deduction for a third child, Douglas, there is no evidence as to where he spent the year. We can only conclude that he was with his parents as they traveled over their territory. No address different from that of petitioners' is given for Douglas and since petitioners did not maintain a residence in Palestine, Tex., other than at the motel where they spent 53 nights in 1959, Douglas must have been with his parents.

In *James* v. *United States*, *supra*, the petitioner had the following contacts with his claimed home, Reno, Nev.:

He called upon a dozen accounts in Reno as he did upon similar accounts in other communities in his territory. During the year he spent approximately thirty days in Reno, which was about the same as the time spent in other cities of comparable size in his territory. While in Reno he stayed at a hotel or motel, and took his meals about town. His relationship with Reno differed from that with other cities in his territory in that he there maintained a Post

Office box and bank account, dealt with a stockbroker, purchased his automobile and insurance, filed his income tax return, and stored certain personal belongings. In Reno taxpayer "rested, took care of his mail, his banking, insurance, cars and other things, which he did not do in the other communities in which he stopped." He regarded Reno as his "headquarters" for these purposes.

The court held that these contacts were not sufficient to give him a "home" in Reno for purposes of section 23(a)(1)(A) (sec. 162(a)(2), I.R.C. 1954), and in like manner we hold there is not sufficient contact shown in the present case to establish a tax home for petitioners at Palestine, Tex.

In the *James* case, the court pointed out that a taxpayer is deemed to have a tax home "only when it appears that he has incurred substantial continuing living expenses at a permanent place of residence." The absence of such expenses in the instant case requires a finding that petitioners did not have a "home" in Palestine, Tex., when they incurred the expenses they seek to deduct for 1959. Even if we consider that the petitioners maintained a domicile in Palestine, Tex., we are unable to find that they maintained a home there for purposes of section 162(a)(2). Their home was wherever they happened to be. *James* v. *United States, supra; Wilson John Fisher*, 23 T.C. 218 (1954), affd. 230 F. 2d 79 (C.A. 7, 1956). It is obvious that during the short period of 53 days in 1959 that they did maintain a home at the motel in Palestine, they were not incurring any expenses away from that home. Therefore, the expenses for meals and lodging when they were away from Palestine were not incurred while "away from home" and are not deductible under section 162(a)(2).

The petitioners have failed to carry their burden of proof to substantiate the claimed business expenses. We must therefore concur in the determination of the respondent.

*Decision will be entered for the respondent.*