Frederick A. Searles and Donna Jean Searles v. Commissioner.
Searles v. Commissioner
Docket No. 4166-63.
United States Tax Court
T.C. Memo 1966-104; 1966 Tax Ct. Memo LEXIS 179; 25 T.C.M. (CCH) 543; T.C.M. (RIA) 66104; May 23, 1966
*179 Held: Petitioners, entertainers who traveled almost constantly during the taxable year performing as a comedy and dance act, were not "away from home" within the meaning of section 162, I.R.C. of 1954, and are not entitled to deduct the cost of meals and lodging incurred on their travels. W. Jean Laflamme, for the petitioners. Raoul E. Paradis, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined a deficiency in the income tax of petitioners for the calendar year 1960 in the amount of $1,002.22. Certain adjustments made by respondent in his statutory *180 notice of deficiency are not contested by petitioners. The sole issue is whether petitioners are entitled to deduct amounts spent for meals and lodging in 1960 while traveling in connection with engagements as a comedy and dance team. Findings of Fact Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners are husband and wife who currently reside in New York, New York. They filed their joint Federal income tax return for the calendar year 1960 with the district director of internal revenue for the district of New Hampshire. Petitioner Frederick A. Searles (hereinafter referred to as Frederick) and petitioner Donna Jean Searles, formerly Donna Jean Young (hereinafter referred to as Donna Jean), were married in Turtle Creek, Pennsylvania, on November 5, 1960. During all of 1960 they were engaged in the entertainment business performing as a comedy and dance act known as "Young and Searles." Frederick entered the entertainment business in 1954. In 1959, he resumed his show business activities after two years in military service. He met Donna Jean in August 1959 when they were employed *181 in the same show. They began working together as a comedy and dance team in October 1959. Thereafter and during 1960, petitioners played limited engagements in supper clubs and night clubs located throughout the United States. They traveled almost constantly during 1960 in connection with these engagements, except for a period of approximately a week which they spent on a honeymoon in Pennsylvania. They traveled largely by automobile, carrying with them most of their personal belongings, including a small television set, props and costumes for their act, and clothing. During the infrequent times when they were not traveling in connection with an engagement, petitioners stayed in one of their parents' homes, either with Donna Jean's parents in McKeesport, Pennsylvania, or with Frederick's parents in Manchester, New Hampshire. On one occasion between engagements, they went separately to their respective parents' homes. For at least one week in 1960 they stayed in the home of Frederick's parents while performing a nearby engagement. Prior to their marriage, petitioners gave their respective parents' homes as their addresses. After their marriage they usually gave Frederick's parents' *182 home in Manchester, New Hampshire, as their address, although on at least one occasion they gave the address of Donna Jean's parents. They had an agent in Boston who contacted them through their parents' homes concerning future engagements. Petitioners could work for agencies located throughout the country and sometimes solicited engagements by phone, but most of their engagements were made through their Boston agent. During 1960 petitioners did not make regular contributions to the cost of maintaining the households of either of their respective parents. When staying in their parents' homes, they made voluntary contributions or bought food, but were under no obligation to make regular payments. When staying with Frederick's parents, Donna Jean shared a room with Frederick's sister and Frederick shared a room with his grandfather. Frederick's sister, who was living at home and working, paid $15 per week for her room and board. On their joint Federal income tax return, petitioners deducted as business expenses the amounts of $3,220 and $714.45, respectively, as the cost of meals and lodging. In his statutory notice of deficiency mailed on June 4, 1963, respondent disallowed the *183 deduction of these amounts. Opinion The sole issue is whether petitioners may deduct the amounts claimed by them for meals and lodging. Section 162 of the Internal Revenue Code of 1954[1] allows a deduction for expenses incurred for meals and lodging while traveling away from home in pursuit of a trade or business. Respondent contends that petitioners had no home during 1960 other than the various locations of their engagements as entertainers and therefore were not away from home when the contested expenses were incurred. Petitioners contend that they had a home at one or the other of their respective parents' homes from which they were away while traveling. This Court has often held that persons, such as traveling salesmen and entertainers, who are in a constant travel status and maintain no permanent residence are not "away from home" within the meaning of section 162 and are not entitled to a business deduction for their traveling expenses. Henry C. Deneke, 42 T.C. 981 (a traveling salesman); Wilson John Fisher, 23 T.C. 218, affd., 230 F. 2d 79 (C.A. 7) (a professional musician); Moses Mitnick, 13 T.C. 1 *184 (the manager of traveling theatrical companies); Charles E. Duncan, 17 B.T.A. 1088, affd. 47 F. 2d 1082 (C.A. 2) (a traveling salesman); Mort L. Bixler, 5 B.T.A. 1181 (a manager of fairs and expositions).
Petitioners were traveling almost constantly during 1960, living in hotels and motels wherever their engagements as a comedy and dance team demanded. They carried their personal belongings, including clothing, equipment and a TV set, in the automobile which they used for transportation. Although they often gave their address as that of their parents, they did not make contributions to the upkeep of their parents' households during the *185 time they were traveling. On the infrequent occasions between engagements when they visited in Frederick's parents' home in Manchester, New Hampshire, or Donna Jean's parents' home in McKeesport, Pennsylvania, they made no regular contributions to household maintenance and only occasionally bought food or otherwise voluntarily shared expenses. When staying with Frederick's parents, they shared rooms with other family members. Petitioners have failed to establish that they maintained a home within the meaning of section 162 in either McKeesport, Pennsylvania, or Manchester, New Hampshire. They were constantly traveling during 1960 and did not incur substantial continuing living expenses at a permanent place of residence. See James v. United States, 308 F. 2d 204 (C.A. 9). Their home was wherever they happened to be in connection with their engagements as entertainers, and the cost of their meals and lodging was personal living expenses nondeductible under section 262. [2]Henry C. Deneke, supra; Wilson John Fisher, supra; Moses Mitnick, supra.
*186 Coburn v. Commissioner, 138 F. 2d 763 (C.A. 2), reversing a Memorandum Opinion of this Court, Wallace v. Commissioner, 144 F. 2d 407 (C.A. 9), reversing a Memorandum Opinion of this Court, and Charles G. Gustafson, 3 T.C. 998, relied upon by petitioners, are factually distinguishable and do not require a contrary result. Decision will be entered for the respondent. Footnotes
1. Except as otherwise indicated, all section references hereinafter will refer to the Internal Revenue Code of 1954. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩