Joseph A. Jeffries and Elinor I. Jeffries v. Commissioner.
Jeffries v. Commissioner
Docket Nos. 2382-67, 4336-67.
United States Tax Court
T.C. Memo 1968-167; 1968 Tax Ct. Memo LEXIS 133; 27 T.C.M. (CCH) 815; T.C.M. (RIA) 68167; July 31, 1968. Filed Elinor I. Jeffries, pro se, 8450 E. Main St., Reynoldsburg, Ohio. Clarence E. Barnes, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner has determined the following deficiencies: Year
Deficiency
OverpaymentClaimed and notRefunded
1963
$203.63
1964
76.00
$293.00
1965
293.79
The parties have agreed to certain adjustments on the notices of deficiency and these will be taken into consideration under Rule *134 50. The only issue remaining is whether petitioners are entitled to deduct certain expenditures for meals and lodging, during the years in issue, as traveling expenses while away from home under section 162 (a)(2) of the Internal Revenue Code of 1954. [1]
Findings of Fact Petitioners, Joseph A. and Elinor I. Jeffries (hereinafter referred to as Joe and Elinor, respectively), are husband and wife whose legal residence was Reynoldsburg, Ohio at the time their petitions were filed to this 816 Court. Their Federal joint income tax returns for each of the taxable years 1963, 1964, and 1965, were filed with the district director of internal revenue, Pittsburgh, Pennsylvania. During the period in issue, Joe was employed as an outside salesman by the R.L. Polk and Company (hereinafter referred to as Polk), located in Detroit, Michigan. He received his work assignments and his commission checks by mail from Polk. During this period, Joe did not maintain a business office in Detroit, Michigan, and at no time was he or his wife physically present in Detroit. *135 Joe was employed to sell advertising space and do other work connected with the publishing of city directories by Polk. His territory was Ohio, Pennsylvania, and New York, but not Michigan. Materials necessary to accomplish the assignments were sent to Joe by Polk. The amount of time spent in completing an assignment in a particular city depended upon its size and the amount of advertising money needed to publish the city directory. Joe worked in approximately 3 cities in 1963, 6 in 1964, and 12 in 1965. On approximately July 15, 1963, when Joe began his job with Polk, petitioners vacated their apartment in Erie, Pennsylvania, the place in which they had lived since 1961. They did not return to that apartment or city to live during the period in issue; however, they did maintain a personal mailing address in Erie, registered their automobiles there, and possessed credit cards valid in that city. After vacating their apartment in Erie, petitioners lived in apartments, motels, hotels, and rooming places in the various towns assigned to Joe. In April 1964, petitioners bought a mobile home. Thereafter, during 1964 and 1965, they used it approximately 15 percent of the time for living *136 accommodations and a business office. On occasion they would move the mobile home to different locations in Joe's territory in order "to get as close as possible to where [he] was going next." He received several assignments from Polk to work in different cities, but he did not move the mobile home on each assignment because "[he] couldn't pay for that." Joe terminated his employment as an outside salesman with Polk in April 1966 and established a permanent residence at Reynoldsburg, Ohio, where he has lived ever since in a mobile home. For 1963, petitioners deducted $1,068.64 from their income, representing amounts expended for Joe during the period July 15, 1963 through December 31, 1963, for meals and lodging. For 1964, the amount deducted from income for meals and lodging was $1,447.67, and for 1965 the amount deducted was $1,792. All of these amounts were claimed as "away-from-home" expenses. The Commissioner sent petitioners the statutory notice of deficiency for the taxable year 1963 with the following explanation attached: Explanation of Adjustments (a) It is held that you were not away from home within the meaning of Section 162 of the Internal Revenue Code *137 of 1954 after July 15, 1963. Consequently, the deduction for lodging and meals of $1,068.64 which you claimed on your return has been allowed to the extent of $550.74. The remaining $517.90 which you claimed as lodging and meals for the period from July 15, 1963, to December 31, 1963, are not allowable because they constitute personal living or family expenses under Section 262 of the Code. For the taxable year 1965 the Commissioner disallowed $1,792 traveling expense, and in the "Explanation of Adjustments" appended to the statutory notice of deficiency he reasoned as follows: (a) The deduction of $4,272.00 which you claimed for employee business expense has been allowed to the extent of $2,480.00 because it has not been established that any greater amount constitutes an ordinary and necessary business expense, or was expended for the designated purpose under the provisions of Section 162 of the Internal Revenue Code of 1954. Taxable income is therefore increased $1,792.00. However, in the notice of deficiency for the taxable year 1964, the Commissioner did not disallow these "away-from-home" expenses. The issue was raised by agreement of the parties in *138 their joint stipulation submitted at trial under Rule 31(b)(3), Tax Court Rules of Practice. The stipulation of the parties stated: In view of the foregoing paragraphs herein, it is agreed that the only issue remaining for the Court's determination for taxable year 1964 is whether or not petitioners are entitled to deduct "away from home expenses" claimed for meals and lodging in the amount of $1,447.67. 817 The parties have stipulated some of the above facts. The stipulation and exhibits attached thereto are incorporated herein by this reference. Opinion The only issue for our determination is whether petitioners may deduct as traveling expenses away from home under section 162(a)(2)[2] certain agreed to amounts of expenditures for the taxable years 1963, 1964, and 1965. The Commissioner asserts the negative for the following reasons. *139 The petitioners vacated their permanent residence in Erie, Pennsylvania, when Joe commenced his employment with Polk in 1963. From that time on, the petitioners did not maintain any permanent place of abode but were in a state of constant travel, living in hotels, motels, rooming houses, and a mobile home. The Commissioner argues the petitioners failed to satisfy one of the three conditions for deductibility established in Commissioner v. Flowers, 326 U.S. 465 (1946), namely, that "the expenses must be incurred while away from home." According to the Commissioner, the facts show that during the taxable years petitioners never had a permanent home; rather, they carried their tax home on their backs. Their home was wherever they happened to be. James v. United States, 176 F. Supp. 270, 273 (D. Nev. 1959), affd. 308 F. 2d 204 (C.A. 9, 1962); Henry C. Deneke, 42 T.C. 981; Kenneth H. Hicks, 47 T.C. 71. Thus, as they were never "away from home," the Commissioner concludes that the amounts petitioners expended do not qualify as traveling expenses under section 162(a)(2), and should be disallowed. There are a plethora *140 of cases on this question and we think they amply sustain the Commissioner's position. James v. United States, supra; Leo M. Verner, 39 T.C. 749; Henry C. Deneke, supra. Though the taxpayers here, in their stipulation and in their argument, earnestly and honestly maintain for the purpose of resolving their entitlement to "away from home expenses," that their "tax home throughout the period involved was Detroit, Michigan," the facts simply do not support any such conclusion. As the stipulation says, "Joseph A. Jeffries had no office in Detroit, Michigan, and at no time during the period in issue was either petitioner physically present in Detroit, Michigan, for business or otherwise." As this Court said in Henry C. Deneke, supra, at page 983: In the James case, the court pointed out that a taxpayer is deemed to have a tax home "only when it appears that he has incurred substantial continuing living expenses at a permanent place of residence." On the facts of record we cannot find that petitioners had any tax home from which they could be away within the meaning of the applicable statute, and we sustain the Commissioner in his *141 disallowance. Because of agreed adjustments, Decisions will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise specified.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and * * *↩