Donald J. Massey, Donald J. Massey and Mary S. Massey v. Commissioner.Massey v. CommissionerDocket Nos. 2452-64, 2453-64.United States Tax CourtT.C. Memo 1968-272; 1968 Tax Ct. Memo LEXIS 28; 27 T.C.M. (CCH) 1452; T.C.M. (RIA) 68272; November 26, 1968. Filed *28 Deductions: Business expenses: "Away from home": Tax home. - Despite petitioner's contention that his continuous working relationship with Lockheed headquarters in Burbank, California was sufficient to constitute Burbank as his tax home even if he maintained no residence there, the Tax Court held that the petitioner did not have a tax home in Burbank, or in any place other than Honolulu, Hawaii. Consequently, he is not entitled to deduct amounts representing the reimbursed allowances for meals, lodging, and automobile mileage expenses which he received while in Hawaii. - CCH. Donald J. Massey and Mary S. Massey, Pro se, P.O. Box 1300, Yukon, Fla. James J. Gallagher, for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in the income tax liability of petitioner Donald J. Massey in the amount of $563.51 for the year 1960 and a deficiency in the income tax liability of petitioners Donald J. Massey and Mary S. Massey jointly in the amount of $940.84 for the year 1961. The sole issue to be decided is whether or not certain expenses for meals, lodging, and automobile mileage were incurred while "away from 1453 home" within the meaning of section 162 (a)(2) of the Internal Revenue Code of 1954. *29 Findings of Fact Some of the facts have been stipulated by the parties. The stipulation, and exhibits attached thereto, are incorporated by this reference. Petitioners in these cases are individuals who were residents of Yukon, Florida at the time of the filing of their petitions. Petitioner Donald J. Massey (hereinafter referred to as petitioner) filed his 1960 income tax return with the district director of internal revenue, Los Angeles, California. Petitioners filed their joint income tax return for 1961 with the district director of internal revenue, Augusta, Maine. Petitioner has been employed as a Field Service Representative by Lockheed California Company (formerly known as Lockheed Aircraft Corporation) since 1954. Petioner is a radio and electronics technician and is a specialist in the operation and maintenance of aircraft communications systems, radar and submarine detection equipment. His duties as a Field Service Representative include the maintenance and repair of electronic equipment in Lockheed aircraft used by the Air Force and the Navy and of the training of service personnel in the maintenance and repair of such equipment in aircraft used at the various bases and *30 air stations. Lockheed California Co. maintains [its] home office in Burbank, California. The following is a summary of petitioner's work assignments from January, 1959 through November, 1962: FromTo1. NAS Alameda, Calif. and NAS Whidbey Is., Wash.1-12-591-14-592. Burbank, Calif.1-14-592-12-593. NAS Brunswick, Me2-12-592-19-594. NAS Key West, Fla2-19-592-21-595. Burbank, Calif.2-21-593- 2-596. NAS Key West, Fla3- 2-593-27-597. NAS Norfolk, Va3-27-594-13-598. NAS Brunswick, Me4-13-594-14-599. Burbank, Calif.4-14-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. NAS Quonset Pt., R. I.4-28-595- 2-5911. @NAS Johnsville. Pa5- 2-595- 6-5912. NAS Norfolk, Va5- 6-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. NAS Key West, Fla5-13-596- 1-5914. Burbank, Calif.6- 1-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. NAS Barbers Pt., Hawaii6-30-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. Burbank, Calif.9-19-6111- 3-6117. NAS Brunswick, Me11- 3-6110-26-6218. Argentia, Newfoundland10-26-6211- 3-62 Petitioner worked from 1940 to 1949 in California for the Menasco Manufacturing Co., a partial subsidiary of Lockheed which sold many parts to it. From 1950 until 1954, petitioner worked for Lockheed in Burbank in production, assembly and flight-testing. In late 1954, petitioner was transferred to the field service division in which he presently *31 works. This transfer was made "with the agreement that [he] would take work away from Burbank temporarily." 1 Before 1954, petitioner's employment duties did not entail traveling, but from the time of his transfer to service in 1954, his travel activities were not significantly different from those shown in 1959 in the above schedule. Usually the travel assignments vary in length from a week to 2 months. Petitioner's permanent mailing address is, and was during 1960 and 1961, P.O. Box 551, Department 64-06, Burbank, California. P.O. Box 551 was also the mailing address of Lockheed and Department 64 is the Field Service Department of Lockheed. This is the address given by petitioner on his 1960 income tax return. However, on *32 the 1961 return petitioners' address was given as P.O. Box 241, Brunswick, Maine. In general, petitioner's employer is unable to specify the duration of any of petitioner's work assignments since they are established, extended or continued, and terminated by the United States Military. It is stipulated that "at the time [petitioner] was assigned to a new post of duty, the date that assignment would terminate was not known." On or about July 1, 1959, petitioner was assigned by his employer to NAS, Barbers Point, Hawaii. The document directing petioner to report to Barbers Point did not indicate any limitation on the duration of the assignment, nor did petitioner know at the time of his assignment how long his assignment would last. While assigned there, petitioner's work was largely in connection with an antisubmarine detection system whereby airplanes are able to track submarines by means of a magnetic anomaly detecting system with regard to which petitioner was an expert. Petitioner made daily reports to an office maintained by Lockheed adjacent to the Honolulu Airport 1454 which had communication facilities direct to Burbank. He also made weekly activities reports. On or about October *33 11, 1960, the posibility of petitioner being transferred from Barbers Point in February, 1961 arose. But it is stipulated that petitioner's "assignment was extended on several occasions at the request of Naval Squadrons, Commander F.A.W.-2 and Commander, Fleet Air Hawaii of the Department of Defense." Finally, petitioner's assignment to Hawaii was terminated and he returned to California in September, 1961, because it was felt that the program he had been working on could be carried on without civilian assistance. Petitioner was informed that he was being transferred to California nine days before he left Hawaii. Within 6 weeks after his return to Burbank he was assigned to Main, where his assignment lasted for about a year, followed by a short assignment to Newfoundland. While he was assigned to Barbers Point, petitioner submitted to his employer, weekly requests for reimbursement for expenses of meals, lodging, and automobile mileage. Upon receipt of petitioner's request for reimbursement, petitioner's employer reimbursed him by check in the amount requested. During the year 1960 petitioner's marital status was single. Petitioner's first marriage terminated by divorce in 1947. By *34 this marriage he had one child, a daughter, who lived with her mother at some place in California not specified in the record. Petitioner's second marriage was to his present wife, Mary S. Massey. They were married in Hawaii during April 1961, and lived there together. Petitioner leased and lived in an apartment while in Hawaii. During this period petitioner did not maintain a lease on an apartment or make mortgage payments on a home in California. Immediately preceding and immediately following his Barbers Point assignment petitioner was in Burbank, California for short periods of time. On each of these occasions he leased an apartment in Burbank where he lived and took his meals. This apartment was not the same apartment each time but was in the same apartment house. While petitioner was assigned to Barbers Point he stored certain household effects with friends in Glendale, California. Since 1939, petitioner has continuously maintained checking and savings accounts and a safety deposit vault at banks in Burbank, California. Petitioner's pay checks during 1960 and 1961 were deposited by Lockheed California Co. to his checking account at the Bank of America, Burbank, California. Petitioner's *35 employer withheld amounts from his salary during 1960 and 1961 for the payment of California State Unemployment Tax and California Health and Accident Tax. Petitioner is a member of the Pilots Association and also of the W6LS Radio Club, both of which are in Burbank. Petitioner formerly owned a home at 2235 North Keystone, Burbank, California. The home was sold as part of a property settlement arising out of the 1947 divorce. Petitioner now owns two lots near Sacramento, California, approximately 400 miles from Burbank, and he paid county taxes on the assessed value of these lots in 1960 and 1961. Upon his retirement, petitioner and his wife intend to reside in California and build a home there, possibly on one of these lots. Respondent, in his statutory notice of deficiency, disallowed deductions for ordinary and necessary business expenses of $1,531.30 in 1960 and $3,691.75 in 1961. Petitioner had received these amounts from his employer as reimbursements for meals and lodging expenses and as reimbursements for mileage expenses. He reported these amounts in gross income in his 1960 and 1961 tax returns, and deducted them each year as ordinary and necessary business expenses. From *36 July 1, 1960 until September 19, 1961, when the expenses at issue were incurred, petitioner's tax home was not at any place other than NAS, Barbers Point, Hawaii. Immediately prior to and during 1960 and 1961, the tax years in question before the Court, petitioner did not have a tax home in Burbank, California. Opinion KERN, Judge: Petitioner contends that during the years in question he had a "tax home" in Burbank, California and that when he was assigned to work at Barbers Point Naval Air Station in Hawaii from June 30, 1959 to September 19, 1961, he was "away from home" within the meaning of section 162(a)(2) 2*37 of the Internal Revenue Code 1455 of 1954. Respondent's position is that the expenditures in question made by petitioner in Hawaii are nondeductible personal living expenses under section 262 3 because petitioner had no tax home or, in the alternative, because petitioner's work assignment was indefinite rather than temporary in nature and therefore petitioner's tax home was shifted to Hawaii during the period of his work assignment at Barbers Point. In view of our conclusion that petitioner did not have a tax home in Burbank immediately prior to or during 1960 and 1961, we need not consider whether petitioner's employment was indefinite, as respondent contends, or temporary, as petitioner contends. In order for traveling expenses to be deductible under section 162(a)(2), the petitioner must show that such expenses were ordinary and necessary, that they were incurred while he was traveling away from home, and that they were incurred for a business purpose. Commissioner v. Flowers, 326 U.S. 465. In order to establish that he was away from home, petitioner *38 must show that he had a "tax home" which it was possible for him to be "away from." James v. United States, 308 F. 2d 204; Irving M. Sapson, 49 T.C. 636; Kenneth H. Hicks, 47 T.C. 71; Henry C. Deneke, 42 T.C. 981; Wilson John Fisher, 23 T.C. 218, aff'd 230 F. 2d 79. As noted in the case of James v. United States, supra, the reasons for allowing a deduction for traveling expenses while "away from home" are to make allowance for the excessive cost of food and shelter while traveling and to compensate for duplicitous living expenses which may be incurred. Thus where a taxpayer shows that he maintains a place for his use on a permanent basis when he cares to use it and also shows some substantial 4*39 continuing or duplicitous living expenses at a permanent place of residence incurred while he is "away from" his declared "home," he has proved the existence of factors indicating that he is entitled to a deduction for food and lodging expenses while traveling. Kenneth H. Hicks, supra, Henry C. Deneke, supra.There is no evidence on the record which indicates that petitioner had any kind of permanent residence or made any expenditures to maintain a home in Burbank during the period of his work assignment at Barbers Point or any other relevant time. Nor is there evidence that any member of petitioner's immediate family lived in or near Burbank. Petitioner testified that between January 1, 1960 and September 19, 1961, his daughter stayed with him for two and a half weeks in Hawaii, but there was no testimony that she had lived with him in California since his divorce in 1947. Petitioner's permanent mailing address in Burbank was the address of his employer, and there is no evidence which would indicate that he ever resided in facilities maintained by his employer. Petitioner's contention on this point appears to be that although he was in Burbank infrequently during the tax years in question, his continuous working relationship with Lockheed headquarters in Burbank was sufficient to constitute Burbank his tax home even if he maintained no residence or had no immediate family there. In Irving M. Sapson, supra, this Court noted that the "tax home" *40 claimed by the taxpayer was also in fact the taxpayer's "headquarters," "post of duty," or "principal place of business." However, this fact alone was not considered controlling but was only a pertinent factor in determining whether the living expenses of the taxpayer at his "headquarters" were "substantial" within the rule of the James case. See footnote 4, supra. In the instant case petitioner had no duplicitous living expenses in Burbank, either substantial or unsubstantial. The record does not even show that a room or other place of abode was available free of charge to petitioner at any and all times in the home of a relative. 5Upon the record before us and on the authority of the cited cases we conclude that petitioners have failed to prove that 1456 Donald J. Massey (in 1960) or Donald J. and Mary S. Massey (in 1961) had a "tax home" in Burbank, California, or in any place other than Honolulu, Hawaii. Since we are, therefore, unable to find that petitioner was away from home in 1960 or that petitioners were away from home in 1961 within the meaning of section 162(a)(2) we conclude that *41 petitioners are not entitled to deduct amounts representing the reimbursed allowances for meals, lodging and automobile mileage expenses which petitioner received while in Hawaii. Decision will be entered for the respondent. Footnotes1. This quotation from petitioner's testimony, considered in the light of the title of the division to which he was transferred, the schedule of petitioner's work assignments, supra, and the stipulated fact set out infra that the termination dates of petitioner's work assignments could not be known is taken by us as meaning that petitioner, at that time a single man, agreed that his work was to be away from Burbank on temporary assignments of indefinite duration.↩2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and * * *. All references are to the Internal Revenue Code of 1954 unless otherwise stated. ↩3. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living or family expenses.↩4. What would be considered "substantial" may depend on whether the "place [of residence] maintained for the taxpayer's use on a permanent basis" is also the place of the taxpayer's post of duty. See Irving M. Sapson, supra, p. 644↩.5. Cf. Curtis Leon Ralston [Dec. 29,213(M)], T.C. Memo. 1968-248↩, filed October 29, 1968.