Jerome M. Rosenblum v. Commissioner.
Rosenblum v. Commissioner
Docket No. 3934-69-SC.
United States Tax Court
T.C. Memo 1970-111; 1970 Tax Ct. Memo LEXIS 251; 29 T.C.M. (CCH) 495; T.C.M. (RIA) 70111; May 11, 1970, Filed Jerome M. Rosenblum, pro se, 3416 Burt St., Omaha, Neb., James T. Finlen, Jr., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for taxable year 1966 in the amount of $184.30. The only remaining issue concerns the allowability of certain travel expenses under section 162, I.R.C. 1954. [1]
Findings of Fact Some of the facts have been stipulated. The stipulation and the exhibits attached thereto are incorporated herein by this reference. Petitioner, Jerome *252 M. Rosenblum, resided at Philadelphia, Pennsylvania at the time the petition herein was filed. He filed his 1966 individual Federal income tax return with the district director of internal revenue at Philadelphia, Pennsylvania. Petitioner graduated from the Philadelphia College of Textiles and Science in June 1965. While attending college, he lived with his parents at 2561 Shields Street, Philadelphia, Pennsylvania. From June to September 1965, he was employed in a sales management program in New York City. From September 1965 until February 28, 1966, petitioner was stationed at Memphis, Tennessee and then at Brunswick, Georgia, while on a tour of active duty with the Naval Air Reserve. After completion of this tour of duty, petitioner returned to his parents' home in Philadelphia. During March 1966 petitioner sought employment from various employers in Philadelphia. He had an interview with an employment recruiter of the American Oil Company (American) at American's Philadelphia sales office. Petitioner advised the recruiter that he desired to find employment in Philadelphia. He was advised that all employees hired for the Eastern Region of American undergo a marketing representative *253 training program for approximately three months in Baltimore, Maryland. The recruiter advised petitioner that "every effort" would be made to assign petitioner 496 to the Philadelphia sales territory. Petitioner indicated he would accept employment only under the above conditions. Petitioner was further advised that American would not pay any of petitioner's costs involved in relocating in Baltimore nor would it reimburse him for his living expenses there. Petitioner traveled to Baltimore in March for another interview and was advised that American would employ him and that his training would begin on April 18, 1966. Prior to this interview, there was no firm agreement of employment between petitioner and American. Further, while residing at his parents' home petitioner paid no rent or other expenses of maintaining the house and petitioner was not otherwise employed. From April 18, 1966 until mid-July 1966, petitioner underwent training at Baltimore. During the last two weeks of July, he was sent to Hartford, Connecticut at American's expense, for further training. During August and the first three weeks of September 1966, petitioner was assigned to Huntington, West Virginia. *254 While there, he was reimbursed by American for travel and living expenses. During the last week of September and the first week of October 1966, petitioner underwent additional training in Baltimore. Petitioner was then transferred to Philadelphia. His duties were to travel to various service stations in American's Eastern Region as a "mystery shopper," checking on the service, cleanliness and courtesy to customers of the various stations. While working in Philadelphia, petitioner again lived with his parents. In August 1967, petitioner terminated his employment and entered law school at Creighton University in Omaha, Nebraska. On his 1966 income tax return, petitioner deducted expenses of $970 incurred in Baltimore, under section 162(a)(2) as traveling expenses while away from home. This amount was comprised of the following items: Rent
$420
Meals
450
Travel
25
Misc. 75 $970 In his statutory notice, the Commissioner disallowed these deductions stating, "It is held that Baltimore, Maryland constituted your home for tax purposes while you were working for American Oil Company" and therefore none of the expenses were incurred while away from home as *255 required by section 162. Opinion Section 162 provides in part as follows: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and * * * To be entitled to the deduction, the petitioner must satisfy three conditions: (1) the expense must be a reasonable and necessary traveling expense; (2) it must be incurred while "away from home"; and (3) it must be incurred in the pursuit of business. Commissioner v. Flowers, 326 U.S. 465 (1946). Petitioner's argument is that he was hired by American for a permanent position in the Philadelphia area with the understanding that he would relocate in Baltimore for a three month training program and therefore Philadelphia was his home. Since his stay in Baltimore was only temporary, petitioner says he is entitled to the deduction. Ronald D. Kroll, 49 T.C. 557 (1968); *256 E.G. Leach, 12 T.C. 20 (1949). However, the concept of being temporarily employed at one place embraces the correlative situation of there being another place where the taxpayer is regularly employed. Arthur Sansone, 41 T.C. 277 (1963). Petitioner says this latter place was Philadelphia. We disagree and hold that petitioner's tax home was in Baltimore, his principal place of employment at the time he incurred the expenses herein. E. g. Rendell Owens, 50 T.C. 577 (1968); Ronald D. Kroll, supra; and Mort L. Bixler, 5 B.T.A. 1181 (1927). As stated in James v. United States, 308 F. 2d 204 (C.A. 9, 1962), 497 there are two reasons for allowing deductions for travel, meals and lodging while "away from home." The first is to compensate the taxpayer for a duplication of living expenses. The second is to make allowance for the increased cost of meals and lodging incurred while traveling for business. "[A] taxpayer has a 'home' for this purpose [section 162(a)(2)] only when it appears that he has incurred substantial continuing living expenses at a permanent place of residence." James v. United States, supra, at 208. *257 The absence of such expenses, as noted in our Findings of Fact, requires that we hold that petitioner did not have a "home" in Philadelphia at the time he seeks to deduct the expenses involved herein. Henry C. Deneke 42 T.C. 981 (1964). Therefore, since petitioner had no home for tax purposes in Philadelphia, he obviously could not be "away from home" while in Baltimore. Petitioner did acquire a home, in Baltimore, for tax purposes when he began working there, but not before then. Until that time his home followed him. Therefore, the claimed deduction cannot be allowed. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.↩