GEORGE SOLOMON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Solomon v. Commissioner
Docket No. 7177-75.
United States Tax Court
T.C. Memo 1977-159; 1977 Tax Ct. Memo LEXIS 282; 36 T.C.M. (CCH) 671; T.C.M. (RIA) 770159; May 25, 1977, Filed George Solomon, pro se. Charles R. Brown, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1972 in the amount of $2,267.66. In addition, the Commissioner asserted the negligence penalty pursuant to the provisions of section 6653(a), [1] Internal Revenue Code of 1954, in the *283 amount of $113.38. Due to concessions, the following issues remain for our decision: 1. Whether petitioner is entitled to a business deduction for expenses incurred in the operation of his truck; 2. Whether certain expenses were incurred while "away from home" within the meaning of section 162(a)(2) and if so, whether petitioner has complied with the requirements of section 274(d) and is therefore entitled to a deduction for those expenses; and, 3. Whether any part of petitioner's underpayment of tax is due to negligence or intentional disregard of the rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated byy this reference. Petitioner George Solomon, who resided in Buhl, Idaho at the time the petition was filed herein, filed a Federal income tax return for the taxable year 1972 with the Internal Revenue Service, Portland, Oregon. Throughout the taxable year 1972 petitioner was involved in the construction business. For the first half of that year *284 he was an employee of and paid wages by Blue Ribbon Steel Building, Inc.During the latter half of that year petitioner performed construction work for Blue Ribbon as a sub-contractor. The actual construction work consisted of the construction of wood and metal buildings primarily for farmers in the States of Oregon, Idaho and Montana. Petitioner furnished all of the tools, equipment and transportation. Building supplies were provided by Blue Ribbon. The head offices of Blue Ribbon were located in Portland, Oregon and petitioner would return to Portland one to three times a month to receive new job assignments which could last from 3 or 4 days to as many as 30 days. On occasion petitioner would drive directly to a new job site without returning to Portland. While in Portland, petitioner would stay with his daughter. She would clean and mend his clothing and petitioner would reimburse her for any expenses she might incur on his behalf. Petitioner would then pick up his clothing and leave other clothing for cleaning. While at the job site petitioner lived in a 24-foot mobile trailer which he transported from one job to the next. In May or June of 1971, petitioner purchased *285 a new truck from Valley Motors in Baker, Oregon. The truck was traded in on a new truck in January 1973. At that time the total mileage on the old truck was 34,385 miles. The total mileage put on the old truck during the taxable year 1972 was 22,975 miles for business as well as personal use. The truck was used to transport tools, equipment and construction materials and supplies, in addition to himself and the men who worked with him at and between job sites, and to return to Portland to receive job information. Petitioner estimated that approximately 80 percent of the 1972 mileage was business related. While away from Portland, petitioner incurred expenses to operate and maintain his house trailer. In addition, when possible petitioner would eat his meals in a local restaurant, he would however, purchase groceries and cook in his trailer when there was no suitable place to eat. Petitioner estimated that he incurred costs of $15 per day while away from Portland and during the taxable year 1972 petitioner was away 250 days. The Commissioner, in his statutory notice of deficiency, with an attached audit statement, determined that petitioner had failed to establish that his *286 "away from home expense" of $3,750 and his "truck expense" of $2,518 were properly deductible. OPINION Respondent takes the position that while petitioner used his truck in his business, that he has not established the extent to which a deduction should be allowed and therefore no deduction can be allowed. Clearly a deduction is allowed under section 162(a) for the ordinary and necessary business use of a vehicle. During the course of his work petitioner transported construction materials, supplies and equipment as well as the tools necessary to construct the buildings. In addition, petitioner drove his truck to Portland where he received his job assignments and there was business travel and transportation involved in his daily work at the job sites. Each job was relatively short in duration from 3 to 4 days and no more than 30 days, thus substantial business travel was required. Throughout the taxable year petitioner traveled some 22,975 miles. While some of the mileage was certainly personal and indeed petitioner has been able only to estimate the total business mileage which he traveled in 1972, we are unable to agree with respondent that no deduction should be allowed. *287 We find petitioner's testimony to be forthright and honest and we are inclined to agree with him that a substantial portion of the total mileage for 1972 was business related.While some speculation is inevitable we find that of the total miles traveled by petitioner in 1972, 70 percent was attributable to business. Cohan v. Commissioner,39 F.2d 540 (1930). Accordingly, we hold that petitioner's business use of his truck amounted to 16,082 miles in the taxable year 1972 for which he is entitled to a deduction based on the allowable mileage rate for 1972 pursuant to section 162(a).[2]
Respondent has aimed both barrels at petitioner's deduction of $3,750 for "away from home expenses" and contends that petitioner had no tax home for the taxable year 1972 and therefore was not "away from home" within the meaning of section 162(a)(2) and that in any event no deduction can be allowed under that section because petitioner has failed to comply with the substantiation requirements of section 274(d).
To be deductible under section 162(a)(2) traveling expenses by petitioner must comply with the tripartite *288 test set forth in Commissioner v. Flowers,326 U.S. 465 (1946). The taxpayer must establish that the expense was: (1) reasonable and necessary, (2) incurred while away from home, and (3) incurred in pursuit of business. It has been often stated in the cases that the primary purpose of the "away from home" provision is to mitigate the burden of the taxpayer who is required by the exigencies of business to maintain two residences and thereby incur duplicate living expenses.See Tucker v. Commissioner,55 T.C. 783 (1971). The statute can only operate as intended therefore when the taxpayer has a tax home, thus unless petitioner can establish that he had a tax home to be away from, no deduction can be allowed. While the tax home for purposes of section 162(a) is in general the taxpayer's principal place of employment, the fact that petitioner's employment is of such a nature that he has no principal place of employment does not necessarily mean that no "home" can exist for purposes of the statute. See Sapson v. Commissioner,49 T.C. 636 (1968). However, under the circumstances of this case we can only conclude that petitioner's contacts *289 with Portland were simply not sufficient to give him a "home" there for purposes of section 162(a)(2). The fact that the Blue Ribbon offices were located in Portland and petitioner was required to go there on occasion to obtain job assignments is insufficient to render that locale his home. Cf. United States v. Mathews,332 F.2d 91 (9th Cir. 1964). In addition, while petitioner's daughter resided in Portland and he paid the expenses which she incurred as a consequence of his visits, there is no evidence that petitioner had any continuing living expenses there, thus there was no duplication of expenses. Petitioner did not pay rent and there is no indication that he shared any of normal living expenses such as utilities or taxes; there is no evidence that he paid his daughter anything while on the road. Compare Sapson v. Commissioner,supra.Petitioner has incurred no substantial living expenses at a permanent place of abode. See Wirth v. Commissioner,61 T.C. 855 (1974). While we are not unmindful of the familial ties petitioner has with his daughter, from the record we can only conclude that petitioner's tax home during *290 the taxable year 1972 was wherever he happened to be. Hicks v. Commissioner,47 T.C. 71 (1966); Deneke v. Commissioner,42 T.C. 981 (1964). Accordingly, the petitioner's expenses while away from Portland were not incurred while "away from home" and are not deductible under section 162(a)(2). Respondent has asserted a 5 percent addition to tax under section 6653(a). The penalty must be sustained if "any part of the underpayment * * * is due to negligence or intentional disregard of the rules and regulations." The burden of proof on this issue is on petitioner. Bunnel v. Commissioner,50 T.C. 837, 843 (1968). While we believe that petitioner in good faith believed that he was entitled to the costs incurred by him for travel away from Portland, petitioner stipulated that he understated gross receipts and overstated the cost of goods sold for 1972. Petitioner offered no evidence in this regard, and we can only conclude that this part of petitioner's underpayment was due to negligence. Accordingly, the determination of the Commissioner must be sustained. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See Singleton v. Commissioner,T.C. Memo 1977-98↩.