CHARLOTTE VALDEZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Valdez v. Commissioner
Docket Nos. 9838-75, 2173-77.[1]
United States Tax Court
T.C. Memo 1979-90; 1979 Tax Ct. Memo LEXIS 441; 38 T.C.M. (CCH) 364; T.C.M. (RIA) 79090; March 15, 1979, Filed Robert L. Pitler, for the petitioner. John D. Moats, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined the following deficiencies in petitioner's income tax: Year
Deficiency
1973
$1,786.51
1974
$2,386.21
During the years in issue petitioner was a traveling saleswoman. On her tax returns she did not include in income her employer's reimbursements of her expenses for meals and lodging and she deducted *442 claimed expenses in excess of the reimbursements. The sole issue for decision is whether petitioner is entitled to deduct under section 162 [2] her expenses for meals and lodging incurred while traveling on behalf of her employer. Specifically, we must decide: 1. Whether petitioner's expenses were incurred while "away from home" during the years in issue. 2. If petitioner was "away from home," whether she has substantiated the expenses incurred. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. Petitioner was a resident of Denver, Colorado, when she filed her petition. Petitioner was born in Delnorte, Colorado. Shortly after birth she was adopted by her grandparents who raised her. About the time petitioner graduated from high school her grandmother died, and shortly thereafter petitioner and her grandfather moved to Denver. After her grandfather's death six months later, petitioner lived with her aunt in Denver. While petitioner was living with her aunt, she was attending college and working as a bookkeeper. *443 Petitioner helped her aunt pay the rent and utility bills, and she purchased some of the groceries. In late 1972 petitioner learned about a job opportunity with Chromalloy Photographics ("Chromalloy") of St. Louis, Missouri. Chromalloy employed traveling salesmen who sold portraits to customers of retail stores, like Sears, throughout the country. In early January 1973 petitioner drove to St. Louis and began working for Chromalloy. During 1973 petitioner traveled to 20 states (but not Colorado) on behalf of her employer. While traveling petitioner lived in motels and ate in restaurants. Petitioner returned to Denver on December 22, 1973, and stayed there until January 3, 1974. During 1974 she traveled to 17 states (but not Colorado) on behalf of Chromalloy. Petitioner returned to Denver on December 26, 1974. [3]
After petitioner began working and traveling for Chromalloy, she continued to send some money to her aunt to help pay for her aunt's needs. Petitioner sent her aunt $50 in 1973 and $60 in 1974. She had no fixed obligation to make payments to her aunt. While petitioner was traveling *444 on behalf of Chromalloy, she maintained a bank account in Denver and used a Denver accountant to prepare her tax returns. However, she carried a Wisconsin driver's license during the years in issue, and for both years she listed as her home on her federal income tax returns Chromalloy's home office in St. Louis, Missouri. When petitioner checked into motels while traveling, she listed as her home Chromalloy's St. Louis address. Petitioner also filed state income tax returns in all the states in which she worked during the years in issue; sometime later she amended these returns and filed Colorado tax returns for these years. In his statutory notices, respondent determined that petitioner's reimbursements from Chromalloy for her travel expenses were includible in her income and that petitioner was not entitled to deduct her travel expenses since she was not "away from home" during the years in issue. The basis of respondent's determination was that petitioner did not have a tax home during the years in issue. [4]
OPINION The sole issue is whether petitioner is entitled to deduct her *445 expenses for meals and lodging incurred while traveling for her employer. Respondent determined, first, that petitioner lacked a "tax home" during the years in issue and, second, that petitioner failed to substantiate the claimed expenditures. Since we agree with respondent's first determination, we do not reach the latter question. Section 162 [5] allows a deduction for ordinary and necessary traveling expenses (including amounts expended for meals and lodging) incurred while away from home in the pursuit of a trade or business. This provision is an exception to the general rule of section 262, which provides that personal expenses are not deductible. In order to deduct meals and lodging under section 162(a)(2), petitioner must satisfy three conditions: (1) that her expenses were ordinary and necessary, (2) that the expenses were incurred while she was "away from home," and (3) that she incurred the expenses in pursuit of her business. Hicks v. Commissioner,47 T.C. 71, 72-73 (1966); Deneke v. Commissioner,42 T.C. 981, 982 (1964). See also Commissioner v. Flowers,326 U.S. 465 (1946). Implicit within these three conditions *446 is the requirement that petitioner have a "home" which she can be away from. James v. United States,308 F. 2d 204, 207 (9th Cir. 1962); Fisher v. Commissioner,23 T.C. 218, 225 (1954), affd. 230 F. 2d 79 (7th Cir. 1956). In this case respondent contends that petitioner was an itinerant who carried her home on her back. See Hicks v. Commissioner,supra, at 73. Whether petitioner had a tax home is a factual question, Rambo v. Commissioner,69 T.C. 920, 923-924 (1978), and the burden of proof is on petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. We conclude that *447 petitioner has failed to carry her burden here. The reason for allowing deductions for expenses while away from home is to mitigate the burden placed on taxpayers who, for business reasons, must maintain two places of abode. Hicks v. Commissioner,supra, at 74; Verner v. Commissioner,39 T.C. 749, 754 (1963). In this case, petitioner has failed to prove that she had such duplicated expenses. Although petitioner testified that she helped support her aunt in 1973 and 1974, such support was minimal ( $50 in 1973 and $60 in 1974). These payments were the result of petitioner's desire to take care of her aunt and were not duplicate living expenses. Petitioner contends that she maintained Denver as her home through her connections with that city. In support of this contention petitioner points out that she visited Denver on her vacations, she maintained her bank account there, she used a Denver accountant to prepare her tax returns, and she considered Denver to be her home. Other facts, however, contradict petitioner's assertion. Petitioner listed St. Louis as her home on her tax returns for 1973 and 1974. In addition, she filed state income *448 tax returns with the states in which she worked (not including Colorado) during these years. Moreover, petitioner had a Wisconsin's driver's license during these years. In light of these facts and petitioner's continual absence from Denver, she has failed to prove that Denver was her home during 1973 and 1974. Petitioner relies on Revenue Ruling 73-529, 1973-2 C.B. 37, which sets forth for administrative purposes respondent's test for determining whether a taxpayer is an itinerant. This revenue ruling provides three objective factors to determine whether the taxpayer's claimed home is his regular place of abode in a real and substantial sense: (1) Whether the taxpayer performs a portion of his business in the vicinity of his claimed abode and uses such abode (for purposes of his lodging) while performing such business there; (2) Whether the taxpayer's living expenses incurred at his claimed abode are duplicated because his business requires him to be away therefrom; and (3) Whether the taxpayer (a) has not abandoned the vicinity in which his hostorical place of lodging and his claimed abode are both located, (b) has a member or members of his family (marital *449 or lineal only) currently residing at his claimed abode, or (c) uses his claimed abode frequently for purposes of his lodging.
According to this revenue ruling, if a taxpayer fails to satisfy at least two of these three objective factors, that taxpayer is an itinerant whose home is where he works. In this case, petitioner fails to satisfy factor (1) since she didn't work in Denver and (2) since she did not have duplicated living expenses. Under the ruling, it is therefore not relevant whether the third factor is satisfied. Nor does the case law aid petitioner. The facts of this case are very similar to Hicks v. Commissioner,supra, in which the taxpayer, an unmarried man working at his first full-time job, traveled 50 weeks during the year. He spent two weeks at his parents' residence in Arkansas and contributed $100 toward their expenses. He also maintained his mailing address, bank account and driver's license in Arkansas, and paid personal property tax there. We held that the taxpayer was an itinerant who carried his tax home on his back. In this case, in contrast, petitioner failed to maintain a Colorado driver's license, paid taxes to other states, *450 and listed her home on her tax returns as St. Louis. In light of our decision in Hicks, we cannot disturb respondent's denial of petitioner's claimed deductions. See also Brandl v. Commissioner,513 F. 2d 697 (6th Cir. 1975), affg. a Memorandum Opinion of this Court; Deneke v. Commissioner,42 T.C. 981 (1964). Decision will be entered for the respondent.
Footnotes
1. These cases were consolidated for purposes of trial, briefing and opinion.↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
3. Petitioner also traveled to Europe for almost 6 weeks during 1974.↩
4. Respondent did allow petitioner deductions for automobile expenses for both years.↩
5. Section 162 provides in relevant part: (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *↩