Charles Forsythe v. Commissioner.
Forsythe v. Commissioner
Docket No. 5020-68.
United States Tax Court
T.C. Memo 1971-265; 1971 Tax Ct. Memo LEXIS 67; 30 T.C.M. (CCH) 1139; T.C.M. (RIA) 71265; October 14, 1971, Filed. Charles Forsythe, pro se. Donald W. Williamson, for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in income tax for the taxable year 1965 in the amount of $892.87. The only issue for decision is whether certain expenses incurred by petitioner constituted traveling expenses within the meaning of section 162 of the Internal Revenue Code of 1954, thereby enabling petitioner to deduct *68 such expenses to the extent they were not reimbursed by his employer, or whether such expenses constituted nondeductible personal living expenses with the result that he was in receipt of taxable income to the extent such expenses were reimbursed by his employer. Findings of Fact Some of the facts have been stipulated and are incorporated herein by this reference. The petitioner, Charles Forsythe, filed his income tax return for the taxable year 1965 with the district director of internal revenue, Buffalo, New York. At the time he filed his petition herein he resided in Dunedin, Florida. During the years 1963 through 1966 the petitioner was employed as a telephone equipment installer. His job consisted of assembling, testing and perfecting telephone equipment before the equipment was turned over to the customer. During such years he had no permanent job location, moving from one location to another upon assignment by his employers. Most of his assignments were received by him over the telephone or by mail. During such years he was assigned to the following locations during the following periods: Years
Location
1/63 - 7/63
Canandaigua, New York
7/63 - 8/63
Madison, Indiana
8/63 - 9/63
Centerville, Indiana
9/63 - 10/63
Richmond, Indiana
10/63 - 12/63
Madison, Indiana
12/63 - 1/64
Warren and Elyria, Ohio
1/64 - 2/64
Warren and Elyria, Ohio
2/1/64 - 2/15/64
Charlottesville, va.
2/16/64 - 6/64
Pequot Lakes, Minnesota
6/64 - 7/64
Fairfield, Iowa
7/64 - 8/64
Standardsville, Va.
8/64 - 11/64
Canandaigua, New York
11/64 - 12/64
Geneseo, New York
1/65 - 6/65
Geneseo, New York
6/65 - 9/65
Canandaigua, New York
9/65 - 12/65
Avon Lake, Ohio
1/1/66 - 1/15/66
Avon Lake, Ohio
1/16/66 - 1/31/66
Lima, Ohio
2/66 - 12/66
Canandaigua, New York
*69 1140 During 1965 the petitioner was employed by the North Electric Company of Galion, Ohio, a manufacturer and nationwide installer of telephone equipment. During such year he visited the situs of his employer only 3 or 4 times and, upon each occasion, for no longer than 4 or 5 hours. During 1965 the petitioner's son by a previous marriage resided with the petitioner's parents in Anderson, Indiana. The petitioner visited in Anderson for short periods during his vacation and upon some holidays. He did not, however, own or rent any property in Anderson, pay any taxes there or have any business interests there. During 1965 the petitioner was paid an hourly wage and, in addition, a per diem allowance of $9 and an auto expense allowance of $.05 per mile. On his return for such year he represented that the expenses incurred by him for meals and lodging for 345.5 days while on assignment were in the amount of $4,146.00 of which $3,109.50 had been reimbursed by his employer. On such return he also represented that he had incurred auto expenses in the amount of $70.00 [1] of which $35.00 had been reimbursed by his employer. The total amount of unreimbursed expenses, namely, $1,071.50, *70 was deducted as an employee business expense on account of travel. In the notice of deficiency, the respondent determined that the amount of unreimbursed expenses did not represent deductible traveling expenses within section 162 of the Internal Revenue Code and, further, that the allowances totaling $3,144.50 paid petitioner by his employer constituted additional income taxable to petitioner pursuant to section 61 of the Code. Opinion Section 61 of the Internal Revenue Code of 1954 provides that gross income means all income from whatever source derived including compensation for services. [2] And, it is clear that compensation for services rendered may be made, and income thereby realized, in the form of allowances paid for meals, lodging and the like. See, e.g., Magness v. Commissioner, (C.A. 5) 247 F. 2d 740, affirming 26 T.C. 981. *71 Section 162 of the Code allows a deduction for traveling expenses incurred while away from home in the pursuit of a trade or business. [3] "Home" as it is used in such section means the taxpayer's principal place of business employment. Emil J. Michaels, 53 T.C. 269, and cases cited therein. One of the purposes of allowing a deduction for expenses incurred for travel away from home in the pursuit of a trade or business is to mitigate the burden on a taxpayer who, because of the exigencies of his trade or business, must maintain two separate places of abode and thus duplicate certain expenses. Carmen Chimento, 52 T.C. 1067, and cases cited therein.
*72 Here, it is clear that during the taxable year 1965 the petitioner's "home" for tax purposes was wherever he happened to be working. See Wilson John Fisher, 23 T.C. 218, affd. (C.A. 7) 230 F. 2d 79; Moses Mitnick, 13 T.C. 1. No other "home" was maintained by him during such year from which he could have been away within the meaning of section 162. The amounts 1141 expended were personal living expenses which, under section 262 of the Code [4] are not deductible. [5] Thus, the amounts received by petitioner from his employer as per diem allowance and automobile expense allowance clearly did not represent reimbursement of "traveling expenses" as that term is used in section 162. Rather, they constituted payment of petitioner's personal living expenses. As such they were compensatory in nature and includable in petitioner's income for the taxable year 1965. *73 In view of the foregoing, the respondent's determinations are approved. Decision will be entered for the respondent. Footnotes
1. Such expenses were apparently incurred by petitioner in deiving between a motel and the site of his work while assigned at Geneseo, New York. In his return petitioner apparently did not claim as a deduction any amount for transportation between his places of assignment.↩
2. Such section provides in part as follows: SEC. 61. GROSS INCOME DEFINED. (a) General Definition. - Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items; * * *↩
3. Such section provides in part as follows: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *↩
4. Such section provides as follows: SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. ↩
5. It should be pointed out that the automobile expenses incurred by petitioner in driving between his motel and the site of his job in Geneseo, New York, were commuting expenses which have always been held to be nondeductible personal expenses. See William L. Heuer, Jr., 32 T.C. 947, affd. (C.A. 5) 283 F. 2d 865↩, and cases cited therein.